JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Arnold Gainer (hereinafter "appellant") appeals the trial court's finding classifying him as a sexual predator. Having reviewed the arguments of the parties and the pertinent law, we affirm the trial court.
 I. {¶ 2} According to the record, appellant was indicted by the Cuyahoga County Grand Jury for one count of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition. On November 3, 1987, after numerous pretrials, appellant appeared in court with counsel and pleaded guilty to one count of rape as amended in count one; count two was nolled. Appellant was sentenced to a term of 10 to 25 years.
 {¶ 3} Approximately 16 years later, on November 20, 2003, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(C). After the hearing, the trial court found, by clear and convincing evidence, that the appellant was likely to reoffend and classified the appellant as a sexual predator.
 II. {¶ 4} Appellant's first assignment of error states: "The evidence was insufficient to sustain a finding that the appellant is a sexual predator."
 {¶ 5} In making a determination as to whether an offender is a sexual predator, the judge must consider all relevant factors, including, but not limited to, all of the following: the offender's age; prior criminal record; the age of the victim of the sexually oriented offense; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; any mental illness or mental disability of the offender; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
 {¶ 6} The conclusion by the trial court that an offender is a sexual predator must be supported by clear and convincing evidence. R.C.2950.09(B)(3). The offender and the prosecutor may appeal as a matter of right the judge's determination regarding sexual predator status. Id.
 {¶ 7} Appellate review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v. Thompkins (1997),78 Ohio St.3d 380, 386. The court recognizes that "a trial judge, having heard the witnesses testify, was in far better position to evaluate their testimony than a reviewing court." State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 8} In sexual offender classification hearings, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(3), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. The three-step procedure for the court's use in sexual offender classification hearings is: (1) creation of a record for review, (2) appointment of an expert, if necessary, and (3) consideration of the factors of R.C. 2950.09(B)(3). State v. Eppinger (2001),91 Ohio St.3d 158.
 {¶ 9} It is with the above standards in mind that we now examine the case at hand. In this case, the record is replete with evidence for the court to consider in making its adjudication. The record contains appellant's institutional record, post-sentence investigation report, and the H.B. 180 evaluation conducted by the court psychiatric clinic. The record also demonstrates that the trial court did not rely alone on the Static-99 found in the H.B. 180 package but relied on all of the factors which it considered.
 {¶ 10} We find that the trial court acted properly in the case at bar. The court met the R.C. 2950.09 requirements and relied on more than just a historical review of evidence before adjudicating appellant a sexual predator. The trial court complied with the statutory mandates and considered the factors set forth in R.C. 2950.09(B)(3). These factors included the fact that appellant was born on December 19, 1951 and the ages of the victims. The age of the victim in this case was 32 years old and the other victims were 18, 19 and 32 years old.
 {¶ 11} Furthermore, the nature of appellant's sexual conduct is such that he interacted in a sexual context with his victims as part of a demonstrated pattern of abuse. This conduct is evidenced by the four cases in which he forced himself upon his victims. Moreover, appellant threatened two of his victims at knife point, and one of the victims sustained injuries to her head. Additional behavior which the court considered is the fact that appellant's convictions began in 1974, he was placed on probation a few times, and he then went on to commit more forceful rapes in July and September 1986. The court also considered the nature of appellant's conduct to be a relevant factor. For example, the fact that appellant used his knowledge of the victims to gain access to them is another relevant factor that the trial court considered. The court also considered appellant's Static-99 score which placed him in a category of those likely to reoffend at a rate of 39% within five years, 45% within ten years and 52% within 15 years, placing him in the highest category for sexually reoffending.
 {¶ 12} Accordingly, based on the evidence presented, we find the trial court's actions to be proper. The record reflects sufficient evidence to support the trial court's sexual predator adjudication. The trial court acted appropriately and formulated its adjudication on the evidence and R.C. 2950.09(B)(3) factors involved.
 {¶ 13} Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., concur.