OPINION
{¶ 1} Defendant-appellant, David R. Bartley, appeals from a judgment of sentence imposed by the Franklin County Court of Common Pleas following his guilty plea to one count of burglary.
 {¶ 2} On September 16, 2005, appellant was indicted on one count of burglary, in violation of R.C. 2911.12 (a second-degree felony), and one count of theft, in violation of R.C. 2913.02. Appellant initially entered a plea of not guilty to both charges. At a hearing before the trial court on December 1, 2005, appellant elected to withdraw his plea of not guilty, and the court accepted a guilty plea to one count of burglary as a lesser-included offense (a third-degree felony). The court found appellant guilty of the burglary offense, and entered a nolle prosequi as to Count 2 of the indictment. Also during that hearing, the court accepted appellant's plea to one count of theft in an unrelated case, and the court made a finding of guilt as to that offense.
 {¶ 3} At the hearing, the court indicated that it would impose a sentence of five years on the burglary offense, and a sentence of 11 months on the theft offense in the other case, with the sentences to run consecutively to each other. By judgment entry filed January 24, 2006, the trial court sentenced appellant on the burglary offense, imposing a term of incarceration of five years.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for review:
THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO MAKE THE FINDINGS WHICH WOULD ALLOW IT TO IMPOSE A MAXIMUM SENTENCE OR TO IMPOSE CONSECUTIVE SENTENCES.
 {¶ 5} Appellant argues that, pursuant to the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, in which the court found several provisions of Ohio's statutory sentencing scheme to be unconstitutional underBlakely v. Washington (2004), 542 U.S. 296, the trial court in the instant case erred in making findings in its determination to impose a maximum sentence and in imposing consecutive sentences. Further, while appellant does not dispute he was sentenced after the Blakely decision,[1] and that he did not raise an objection with the trial court based upon Blakely, he argues that the waiver doctrine does not apply to preclude re-sentencing.
 {¶ 6} Subsequent to the time for filing briefs in the instant case, this court addressed the issue whether the doctrine of waiver is applicable in cases where a Blakely error could have been raised before the trial court. In State v. Draughon,
Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 8, this court held that "a Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court." Other decisions of this court have consistently applied that holding. See State v. Mosley, Franklin App. No. 05AP-701,2006-Ohio-3102, at ¶ 43 (appellant, whose sentencing hearing took place after Blakely, and who failed to object to any constitutional error in his sentencing, waived right to a new sentencing hearing); State v. Lair, Franklin App. No. 05AP-1083, 2006-Ohio-4109, at ¶ 25 (citing Draughon, supra);State v. Thacker, Franklin App. No. 05AP-834, 2006-Ohio-3449, at ¶ 10 (same).
 {¶ 7} As noted, appellant in the instant case was sentenced more than one year after the Blakely decision. Based upon the above authority, because appellant had the opportunity to raise aBlakely challenge before the trial court but failed to do so, this court finds that appellant has waived the right to a new sentencing hearing. Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt, P.J., and Sadler, J., concur.
[1] Blakely was decided on June 24, 2004. As noted under the facts, appellant in the instant case was sentenced by entry filed by the trial court on January 24, 2006.