OPINION
{¶ 1} Appellant, Wayne A. McClaskey ("appellant"), filed the instant appeal seeking review of his conviction and sentence on a charge of intimidation in violation of R.C. 2921.03(A).
 {¶ 2} On the evening of January 21, 2005, Officer Catherine Kirk ("Officer Kirk") of the Columbus Police Department, responded to a call regarding a disturbance at the Brownstone Restaurant. Upon arrival, Officer Kirk found appellant standing near the doors at the front of the restaurant, and was given indications by restaurant staff that appellant was the cause of the disturbance. Appellant appeared to be intoxicated at that time. Officer Kirk and appellant had a conversation in which they agreed that Officer Kirk would call a taxi to take appellant home.
 {¶ 3} Upon being asked for an address to which the taxi would take him, appellant initially gave a non-existent address and was unable to provide a correct address. Officer Kirk then asked appellant to provide his social security number so she could run a check to determine his address. The social security number appellant gave to Officer Kirk did not match appellant. At that point, Officer Kirk decided to arrest appellant for falsification. Appellant was then handcuffed and placed in the back seat of Officer Kirk's police cruiser.
 {¶ 4} While Officer Kirk filled out the necessary paperwork, the audio portion of the cruiser's video camera recorded statements appellant made. Among the things appellant said were, "I can fucking create more problems for you than you can ever imagine. I don't give a fuck if you write it all up or not because I'm going to"; "In three years I hope I fucking see you because I am gonna split your skull, fucking little tramp"; "I will get you. And I'm not playing. * * * This is my friends, me, * * * any dope boy I want to snatch you will get you"; "I will get you no matter what because your best bet is to leave me alone. And if I get out and I see you again I will fucking split your skull"; and "I will fuck you up in every way I can if I ever see you again. * * * Even if I have to send somebody to do that to you." (Tr. 77-78.) These are just some of the statements appellant made, but are generally representative of all of the statements.
 {¶ 5} The grand jury indicted appellant on a charge of intimidation in violation of R.C. 2921.03, which provides in relevant part, that "[n]o person, knowingly and by force, [or] by unlawful threat of harm to any person or property * * * shall attempt to influence, intimidate, or hinder a public servant * * * in the discharge of the person's duty." The case proceeded to trial, and a jury returned a verdict of guilty on the charge of intimidation. The court sentenced appellant to five years of incarceration, the maximum sentence for a conviction of intimidation. The court ordered that the five years be served concurrently with any time appellant was ordered to serve as the result of a finding that he violated probation he was ordered to serve as part of a sentence in a prior case.
 {¶ 6} Appellant filed the instant appeal, alleging five assignments of error:
 FIRST ASSIGNMENT OF ERROR The trial court erred in refusing to permit Appellant to raise the defense that he was suffering an alcoholic blackout at the time he made threatening statements to a Columbus police officer. This denied Appellant due process under the state and federal Constitutions.
 SECOND ASSIGNMENT OF ERROR Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and by Article I, Section 10 of the Constitution of the State of Ohio through counsel's failure to move to request an instruction on a lesser included offense.
 THIRD ASSIGNMENT OF ERROR The trial court erred in imposing the maximum sentence based on facts not found by the jury or admitted by appellant. This omission violated Appellant's rights to a trial by jury and due process under the state and federal Constitutions.
 FOURTH ASSIGNMENT OF ERROR The trial court improperly sentenced Appellant to a maximum term of imprisonment contrary to the sentencing criteria contained in R.C. 2929.14 and R.C. 2929.19.
 FIFTH ASSIGNMENT OF ERROR There was insufficient evidence to support Appellant's conviction on a charge of intimidation in the absence of proof that he intended to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges. As a result, Appellant was denied due process under the state and federal Constitutions.
 {¶ 7} In his first assignment of error, appellant argues that the trial court should have given the jury an instruction regarding the "blackout" defense. Generally, it is within the sound discretion of the trial court to decide whether the evidence presented at trial was sufficient to require that a particular instruction be given. State v.Wolons (1989), 44 Ohio St.3d 64, 541 N.E.2d 443. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 5 OBR 481,450 N.E.2d 1140.
 {¶ 8} At the outset, we note that the propriety of the manner by which appellant "preserved" this issue for appeal is open to some debate. The record shows that during the course of the trial, trial counsel discussed with the court the fact that appellant wanted him to present intoxication or blackout as a defense to the case, but stated that he believed such a defense was not authorized by law. No evidence regarding the issue was proffered at that time. Instead, after the jury verdict was announced, trial counsel held a colloquy on the record with Dr. Mark Holly, who stated his conclusion that appellant was in a blackout condition at the time he made the statements to Officer Kirk, and could not have been acting knowingly. There is no indication that either the court or the prosecutor was present while this testimony was taken.
 {¶ 9} If appellant failed to properly preserve the issue of whether the jury should have been instructed on the blackout defense, we would review the issue under the plain error standard. See State v.Hackedorn, Ashland App. No. 2004-COA-053, 2005-Ohio-1475. However, it is not necessary for us to decide whether the issue was properly preserved for appeal, because regardless of the standard employed, we find that the court did not err in failing to instruct the jury on blackout because the evidence does not support appellant's claim that he was in a blackout when he made the statements to Officer Kirk.
 {¶ 10} The "blackout" defense comes from R.C. 2901.21(A), which provides that a defendant cannot be found guilty of an offense unless it is shown that liability is predicated on a voluntary act, and that the defendant had the requisite mental state to commit the act as specified in the statute that establishes the offense. R.C. 2901.21(D)(2) excludes from the definition of voluntary acts "[r]eflexes, convulsions, body movements during unconsciousness or sleep, and body movements that are not otherwise a product of the actor's volition[.]"
 {¶ 11} We note that "[v]oluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." R.C. 2901.21(C). Thus, the mere fact that appellant was intoxicated, standing by itself, would not be sufficient to provide a defense to the charge of intimidation. Instead, appellant's condition would have to rise to the level of unconsciousness before the blackout defense would be available.
 {¶ 12} The taped statements do not sufficiently establish that appellant was unconscious when he made them. A number of the statements indicate some level of confusion on appellant's part, such as his lack of awareness at times of how he had come to be in police custody. However, in general, his statements show a great deal of actual interaction with the police officers, as when he discussed whether a telephone conversation Officer Kirk held was work-related or personal, or when he accused Officer Kirk of ignoring an emergency call based on his overhearing a conversation she had with another officer. Overall, the balance of the statements simply do not show that appellant was in such a state of unconsciousness that he could not have known what he was saying.
 {¶ 13} Therefore, appellant's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, appellant argues that his right to effective assistance of counsel was denied because his trial counsel failed to request an instruction on a lesser-included offense. Specifically, appellant argues that trial counsel should have requested an instruction for the offenses of aggravated menacing and menacing. In order to prevail on a claim of ineffective assistance of counsel, appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. The court in Strickland recognized that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689.
 {¶ 15} Generally, trial counsel decisions to refrain from requesting a specific jury instruction fall within the ambit of trial strategy, and therefore cannot support a claim of ineffective assistance of counsel.State v. Conway (2006), 109 Ohio St.3d 412, 2006-Ohio-2815,848 N.E.2d 810. This includes a decision not to request a jury instruction on a lesser-included offense. State v. Griffie (1996), 74 Ohio St.3d 332,658 N.E.2d 764. In this case, we note that in his closing argument, trial counsel argued that appellant should have been charged with aggravated menacing. This lends strong support to the idea that the failure to ask for an instruction on aggravated menacing or menacing was the result of a strategic decision on counsel's part, rather than trial counsel's failure to recognize the issue.
 {¶ 16} Furthermore, there is nothing in the record to demonstrate that an instruction on aggravated menacing or menacing would have been granted if requested. See State v. Lott (1990), 51 Ohio St.3d 160 at 175, 555 N.E.2d 293 ("Lott claims defense counsel should have moved to suppress Coleman's eyewitness identification of Lott. However, Lott has not demonstrated that the trial court would have granted such a motion."). Aggravated menacing and menacing are not lesser-included offenses of intimidation because intimidation does not include a requirement that the offender cause the victim to believe that the offender will cause either serious physical harm or physical harm, which are requirements for aggravated menacing and menacing, respectively. SeeState v. Peace (1983), Lucas App. No. L-82-361.
 {¶ 17} In his brief, appellant also argues that trial counsel was ineffective for failing to file a motion to dismiss. In cases involving the failure to file a motion on a defendant's behalf, a defendant is required to show (1) that the motion was meritorious, and (2) that there was a reasonable probability that the verdict would have been different if the motion had been made. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958. Appellant's brief suggests that a motion to dismiss should have been made because Officer Kirk and other police officers involved initially thought appellant would be charged with aggravated menacing rather than the more serious charge of intimidation. Appellant's brief fails to provide any basis indicating that such a motion would have been meritorious, nor does there appear to be such a basis.
 {¶ 18} Therefore, appellant's second assignment of error is overruled.
 {¶ 19} Appellant's third and fourth assignments of error are interrelated in that both involve the sentence appellant received, and the disposition of each is affected by recent case law. In his third assignment of error, appellant argues that his right to a jury trial was violated when the trial court imposed the maximum sentence of five years and ordered that sentence to be served consecutively to time served as a result of his probation violation based on findings that were made by the trial court, rather than by the jury. Appellant relies on the line of United States Supreme Court cases that culminated in the court's decision in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L. Ed.2d 403, in which the court held that state sentencing schemes that allow for enhancement of sentencing beyond the statutory maximum based on findings made by the court rather than the jury violate the constitutional rights to a jury trial. The Supreme Court of Ohio applied the Blakely ruling to Ohio's statutory sentencing provisions and held several provisions unconstitutional, including those relating to non-minimum and consecutive sentences. State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
 {¶ 20} Since Foster, we have held in a number of cases that aBlakely challenge is waived if a defendant sentenced after theBlakely decision failed to raise the decision in the trial court.State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445; Statev. Mosley, Franklin App. No. 05AP-701, 2006-Ohio-3102; State v.Bartley, Franklin App. No. 06AP-159, 2006-Ohio-4989. In this case, there is no indication that appellant raised Blakely at the time of his sentencing. Therefore, appellant waived application of Blakely to his sentence, and his third assignment of error is consequently overruled.
 {¶ 21} In his fourth assignment of error, appellant argues that the trial court failed to comply with R.C. 2929.14(C) when it sentenced him to a maximum term of five years without explicitly making a finding that appellant committed the worst form of the offense of intimidation or that appellant posed the greatest likelihood of committing future crimes, and failed to comply with R.C. 2929.19(B)(2) when it imposed a maximum term of five years without giving any reasons for selecting that sentence. We note that there is some debate as to whether the trial court made these findings, since the court did make a general statement of agreement when the prosecutor pointed out that these findings were required. However, it is not necessary for us to reach the issue of whether the trial court made any such findings or not. InFoster, the Supreme Court of Ohio held that the factfinding provisions of R.C. 2929.14(C) and 2929.19(B)(2) were among those that were unconstitutional under Blakely. Foster, supra, at ¶ 99. The court severed those sections from the rest of the Ohio sentencing provisions and held that "judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id.
 {¶ 22} Based on the Foster decision, the trial court was not required to make any findings of fact. Therefore, appellant's fourth assignment of error is overruled.
 {¶ 23} In his fifth assignment of error, appellant argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. As set forth in State v. Jenks (1991),61 Ohio St.3d 259. 574 N.E.2d 492, when reviewing the sufficiency of the evidence supporting a criminal conviction, an appellate court must examine the evidence submitted at trial to determine whether such evidence, if believed, would convince an average person of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at ¶ 2 of the syllabus. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 24} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson, supra, at 319. Accordingly, the reviewing court does not substitute its judgment for that of the fact finder. Jenks, supra, at 279.
 {¶ 25} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. However, in engaging in this weighing, the appellate court must bear in mind the fact finder's superior, first-hand perspective in judging the demeanor and credibility of witnesses. SeeState v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366,227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction."Thompkins, supra, at 387.
 {¶ 26} Part of appellant's argument on this point is that the jury could not have reasonably concluded that appellant acted knowingly because of his intoxication. As discussed above in our examination of appellant's first assignment of error, voluntary intoxication cannot provide a defense to the mental element of a criminal offense. Also as discussed above, the nature of appellant's statements was such that a reasonable jury could have found that appellant was conscious of the statements he was making. Thus, the verdict that appellant was acting knowingly was supported by sufficient evidence, and was not against the manifest weight of the evidence.
 {¶ 27} Appellant also argues that the evidence was insufficient to support his conviction on this charge because he never specifically asked Officer Kirk to drop any charges against him, and thus there is no proof that the statements were made for the purpose of hindering Officer Kirk in the discharge of her duties. A charge of intimidation requires proof that the defendant "knowingly and by force [or] by unlawful threat of harm to any person or property, * * * [attempted] to influence, intimidate, or hinder a public servant * * * in the discharge of the person's duty." R.C. 2921.03(A).
 {¶ 28} It is correct that appellant never made a statement to the effect that "if you file charges against me, I will kill you." He did at one point say "your best bet is to leave me alone," and at another point, he tells someone identified as Officer Ortega "don't fucking say that I falsified anything." However, we do not believe that such an explicit quid pro quo is required to support a charge of intimidation. A jury is permitted to draw reasonable inferences based on the evidence provided, and a jury could have reasonably inferred from appellant's statements that his intention was to intimidate Officer Kirk into declining to charge him. Thus, we cannot say that the jury clearly lost its way such that a manifest miscarriage of justice occurred.
 {¶ 29} Therefore, we overrule appellant's fifth assignment of error.
 {¶ 30} Having overruled appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and FRENCH, JJ., concur.