OPINION
{¶ 1} Defendant-appellant, Yohannes Tewolde ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to five years incarceration on a conviction of attempted aggravated burglary, three years for a gun specification, and two years for a conviction of burglary. The sentences were ordered to be served consecutively for an aggregate sentence of ten years incarceration. The convictions were entered pursuant to appellant's pleas of guilty to the same. *Page 2 
 {¶ 2} The following is a summarization of the underlying facts giving rise to appellant's convictions and is taken from the pre-sentence investigation report. On January 17, 2006, Columbus police were dispatched to an alleged burglary in progress. The caller of the report was inside his residence at 1558 Atcheson Street, Columbus, Ohio, and advised that three men, later identified as appellant, James Peppers ("Peppers"), and Jarvis Williams ("Williams"), kicked in the door and gained entry to the other half of the duplex. According to the caller, he saw the men trying to kick in the neighbor's front door, whereupon he immediately called the police. The caller also heard the men going through his neighbor's residence and then exit out the back door. The caller then heard the men trying to kick in the rear door of his residence as the police arrived. One of the responding officers observed three males trying to kick the rear door at 1558 Atcheson. Seeing a handgun, the officer instructed the men to drop their weapons and get on the ground. Peppers and Williams, who were both carrying handguns, complied with the officers' orders, but appellant fled the scene. Appellant was apprehended a short time later.
 {¶ 3} Appellant was indicted on January 27, 2006 on two counts of attempted aggravated burglary with specification, one count of burglary with specification, and one count of having a weapon under a disability. On May 9, 2006, appellant entered a plea of guilty to one count of attempted aggravated burglary with specification, a felony of the second degree in violation of R.C. 2923.02, as it relates to R.C. 2911.11, and one count of burglary, a felony of the third degree in violation of R.C. 2911.12. A pre-sentencing report was ordered and appellant was sentenced on June 21, 2006. The trial court sentenced appellant to two years on the burglary, five years on the attempted aggravated *Page 3 
burglary, and three years on the gun specification, all to be served consecutively for an aggregate sentence of ten years.
 {¶ 4} Appellant appeals his sentence asserting the following two assignments of error for our review:
 ASSIGNMENT OF ERROR ONE
 THE TRIAL COURT VIOLATED DEFENDANT-APPELLANT'S DUE PROCESS RIGHTS WHEN IT IMPOSED A SENTENCE UPON HIM WHICH WAS INCONSISTENT WITH SENTENCES IMPOSED UPON CO-DEFENDANTS FOR SIMILAR OFFENSES.
 ASSIGNMENT OF ERROR TWO
 THE TRIAL COURT ERRED AT SENTENCING WHEN IT FAILED TO CONSIDER MITIGATING FACTORS OF DEFENDANT-APPELLANT'S CONDUCT PURSUANT TO OHIO REVISED CODE § 2929.12(C)(4).
 {¶ 5} Because they are interrelated, appellant's two assignments of error will be addressed jointly. Together, appellant's two assignments of error challenge the imposed sentence and specifically allege the sentence is too harsh because he received a similar sentence to that of his co-defendants, even though his co-defendants were older than he and were allegedly more culpable.[1]
 {¶ 6} Appellant was sentenced after the Supreme Court of Ohio renderedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, certiorari denied,127 S.Ct. 442, in which the court excised as unconstitutional R.C. 2929.14(B), (C), and (E)(4), which were portions of Ohio's sentencing laws that required trial courts to make findings when imposing non-minimum, maximum, or consecutive sentences, respectively. As a result, the Supreme *Page 4 
Court of Ohio held that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. AfterFosters severance, however, trial courts are still required to comply with R.C. 2929.11 and 2929.12. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, paragraph three of the syllabus.
 {¶ 7} Pursuant to R.C. 2953.08(G), an appellate court may modify a sentence or remand for resentencing if the appellate court clearly and convincingly finds either the record does not support the sentence, or the sentence is contrary to law. State v. Webb, Franklin App. No. 06AP-147, 2006-Ohio-4462, at ¶ 11, citing State v. Maxwell, Franklin App. No. 02AP-1271, 2004-Ohio-5660. Recently, this court reiterated that after Foster, R.C. 2953.08(G) requires us to continue to review felony sentences under the clear and convincing standard. State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, ¶ 9. "In applying the clear and convincing as contrary to law standard, we would `look to the record to determine whether the sentencing court considered and properly applied the [non-excised] statutory guidelines and whether the sentence is otherwise contrary to law.'" Id., quoting State v. Vickroy, Hocking App. No. 06CA4, 2006-Ohio-5461, at ¶ 19.
 {¶ 8} Pursuant to R.C. 2929.11:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Page 5 
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 9} R.C. 2929.12 requires the trial court to consider seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E) to ensure that a sentence complies with the overriding principles of felony sentencing enunciated in R.C. 2929.11. State v. Arnett (2000),88 Ohio St.3d 208, 213. R.C. 2929.12(A) further states that the trial court may also consider "any other factors that are relevant" to the principles of felony sentencing.
 {¶ 10} Here, in its sentencing entry, the trial court stated that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." Regardless, appellant contends his sentence is too harsh compared to that of his co-defendants because his culpability does not rise to the level of his two co-defendants, and although present during the break-in, he did not play a primary role but rather was merely "following." (Brief at 1.)
 {¶ 11} With respect to the consistency requirements of R.C. 2929.11, this court recently stated:
 Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Although *Page 6 
offenses may be similar, distinguishing factors may justify dissimilar sentences.
State v. Battle, Franklin App. No. 06AP-863, 2007-Ohio-1845, at ¶ 24, citing State v. King, Muskingum App. No. CT06-0020, 2006-Ohio-6566, at ¶ 23, quoting State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, at ¶ 10. See, also, State v. Quine, Summit App. No. 20968, 2002-Ohio-6987 (finding that consistency requires only that a trial court weigh the same factors for each defendant); State v. Lathan, Lucas App. No. L-03-1188, 2004-Ohio-7074 (finding that each case is by its nature not the same); State v. Vlahopoloulos, Cuyahoga App. No. 80427, 2002-Ohio-3244 (declining to compare a particular defendant's sentence with similar crimes in its or other jurisdictions without an inference of gross disproportionality).
 {¶ 12} Moreover, not only does the trial court's sentencing entry indicate that R.C. 2929.11 and 2929.12 were considered, the record clearly supports the imposed sentence. Though this was appellant's first instance as an adult, the pre-sentence report revealed a record beginning in 2002, and includes charges of breaking and entering and criminal trespassing, as well as probation and parole violations. The trial court also noted that the crimes appellant pleaded guilty to and his history demonstrated a pattern of behavior that weighed against him being placed into the community. At the June 21, 2006 sentencing hearing, the trial court stated:
 * * * What bothers me the most about you being 19 is not so much in terms of what type of sentence to impose, but your history.
 At the age of 19 you've done quite a bit. You've done quite a bit of damage throughout the community at a very young age.
(Tr. at 8.) *Page 7 
 {¶ 13} Lastly, we note that an individual has no substantive right to a particular sentence within the range authorized by statute. State v.Templeton, Richland App. No. 2006-CA-33, 2007-Ohio-1148, at ¶ 98, citingGardener v. Florida (1977), 430 U.S. 349, 358, 97 S.Ct. 1197. Further, there is no requirement that co-defendants receive equal sentences. Id. at ¶ 103, citing State v. Lloyd, Lake App. No. 2002-L-069,2003-Ohio-6417; United States v. Fry (C.A. 6, 1987), 831 F.2d 664, 667. As noted by the court in Templeton, each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes. Id., citing State v.Aguirre, Gallia App. No. 03CA5, 2003-Ohio-4909, at ¶ 50. Like the appellant in Templeton, appellant cites no precedent, or any other authority, for reversal of an otherwise valid sentence on the basis that more culpable co-defendants were not punished more severely. See, also,State v. Ashley, Lake App. No. 2006-L-134, 2007-Ohio-690 (holding that defendant's five-year sentence as compared to the four-year sentence imposed on his co-defendants was insufficient to raise an issue of inconsistency under R.C. 2929.11(B)); State v. Andrews, Cuyahoga App. No. 84137, 2005-Ohio-1161 (holding that the trial court did not have to impose the same sentence on co-defendants for the same offenses).
 {¶ 14} Upon review of the record, we do not find that appellant has demonstrated by clear and convincing evidence that the imposed sentence is not supported by the record, or otherwise contrary to law. Accordingly, we overrule appellant's two assignments of error. *Page 8 
 {¶ 15} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
KLATT and FRENCH, JJ., concur.
[1] Peppers received a total sentence of 11 years incarceration, and Williams received a total sentence of eight years incarceration. *Page 1