OPINION
{¶ 1} This is an appeal by defendant-appellant, Larry L. Dean, from a judgment of the Franklin County Court of Common Pleas, sentencing appellant following his entry of a guilty plea to one count of failure to comply with an order or signal of a police officer.
 {¶ 2} On August 23, 2004, appellant was indicted on two counts of robbery, one count of kidnapping, and two counts of failure to comply with an order or signal of a police officer. At a hearing conducted by the trial court on May 31, 2005, appellant entered a *Page 2 
guilty plea to one count of failure to comply with an order or signal of a police officer. The trial court accepted the state's request that a nolle prosequi be entered on the remaining counts. The court sentenced appellant by judgment entry filed June 6, 2005, imposing a four-year term of incarceration, and placing him on post-release control.
 {¶ 3} Appellant initially filed a notice of appeal on July 11, 2005, but this court filed a journal entry of dismissal for lack of a timely filed appeal. On July 18, 2006, appellant filed a motion seeking leave to file a delayed appeal, which this court granted by entry filed August 8, 2006.
 {¶ 4} On appeal, appellant sets forth the following single assignment of error for this court's review:
 The trial court abused its discretion in imposing a sentence that was excessive under all of the facts and circumstances.
 {¶ 5} Appellant contends that the trial court abused its discretion in imposing an "excessive" four-year sentence following his guilty plea to a third-degree felony. Appellant acknowledges that his criminal record is lengthy, but argues that, at the time of the trial court's sentencing hearing, mental health professionals had recently diagnosed his health issues and formulated a treatment plan to address those issues.
 {¶ 6} As noted, appellant's argument is based upon his contention that the trial court abused its discretion in sentencing him. This court recently considered the applicable standard of review for a felony sentence, particularly in light of the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, in which that court excised portions of Ohio's felony sentencing laws. In State v.Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, at ¶ 19, this court held that "R.C. 2953.08(G) *Page 3 
requires us to continue to review felony sentences under the clear and convincing standard." Thus, "[p]ursuant to R.C. 2953.08(G), an appellate court may modify a sentence or remand for resentencing if the appellate court clearly and convincingly finds either the record does not support the sentence, or the sentence is contrary to law." State v.Tewolde, Franklin App. No. 06AP-764, 2007-Ohio-2218, at ¶ 7.
 {¶ 7} R.C. 2929.11 states in relevant part:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 8} Under R.C. 2929.12, a trial court is required to "consider seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D) and (E) to ensure that a sentence complies with the overriding principles of felony sentencing enunciated in R.C. 2929.11."Burton, supra, at ¶ 31. Further, R.C. 2929.12(A) "states that the trial court may also consider `any other factors that are relevant' to the principles of felony sentencing." Id.
 {¶ 9} In the present case, during the sentencing hearing, the prosecutor set forth the following summary of facts. On July 20, 2004, appellant entered a Salvation Army store, pushed an employee to the ground, and took approximately $100 out of a cash *Page 4 
register. Appellant fled the scene in a vehicle registered in his father's name; shortly thereafter, police officers pursued him. At one point, the officers attempted to block appellant's vehicle, but he went around them, ultimately wrecking the vehicle.
 {¶ 10} The trial court noted during the hearing that appellant had a minimum of 12 prior theft convictions, and that he had "been to the penitentiary on many charges, trafficking charges, weapons charges, sex charges." (Tr. at 14.) The court also found significant that appellant had been "released from the institution about two months before this incident occurred," and that he had "been in the penitentiary on failure to comply before." (Tr. at 14.) A review of the trial court's sentencing entry indicates that the court considered the purposes of sentencing in R.C. 2929.11 and the statutory guidelines in R.C. 2929.12. Further, appellant's four-year sentence was within the statutory range (of one, two, three, four or five years) for a third-degree felony. See R.C.2929.14(A)(3).
 {¶ 11} Upon review of the entire record, we conclude that appellant has failed to persuade this court, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law.
 {¶ 12} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court Common Pleas is hereby affirmed.
Judgment affirmed.
 PETREE and TYACK, JJ., concur. *Page 1