{¶ 9} Being unable to agree with the majority's conclusion finding that appellant's conviction on the charge of intimidation was not supported by sufficient evidence, I respectfully dissent.
 {¶ 10} Initially, I believe the majority opinion places undue emphasis on the effect appellant's statements had on Ms. Sydnor. In reaching its conclusion, the majority relies on the fact that Ms. Sydnor responded "not really" when asked whether appellant's statements caused her to worry about testifying in this case. R.C. 2921.04(B) prohibits the "attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." Whether or not appellant's statements succeeded in causing Ms. Sydnor to be concerned about testifying is irrelevant, if the facts and circumstances show that appellant's statements were intended to have that effect. *Page 8 
 {¶ 11} The majority here recognizes that appellant's statements were intended to intimidate Ms. Sydnor. However, citing our decision inState v. Jackson, Franklin App. No. 02AP-867, 2003-Ohio-6183, the majority concludes that the charge of intimidation requires a "nexus" between the intimidating statements and Ms. Sydnor's involvement in criminal proceedings against appellant, and that the evidence failed to establish this required nexus. I wish to emphasize that I do not believe a charge of intimidation requires a direct quid pro quo between a defendant's threatening statements and the victim's participation in criminal proceedings against the defendant, e.g., "If you press charges or testify against me, I will hurt you." Rather, I believe a jury is permitted to infer from the facts and circumstances under which the statements were made that the defendant's intent was to attempt to influence, intimidate, or hinder the person in the filing or prosecution of criminal charges, or in the discharge of the person's duties as a witness. See State v. McClaskey, Franklin App. No. 05AP-882,2006-Ohio-6646, appeal accepted on other grounds, 113 Ohio St.3d 1465,2007-Ohio-1722, 864 N.E.2d 652.[1]
 {¶ 12} Here, I believe the facts and circumstances were sufficient to allow a jury to infer that appellant's threats were connected to Ms. Sydnor's participation in criminal proceedings against him. At the time appellant yelled his threats at Ms. Sydnor, he had been placed under arrest and was in a police cruiser. Appellant told Ms. Sydnor, "`I'll get right back out I'm going to come back over here.'" Officer Ronald Lemmon testified that appellant also said, "`I'll bond out; you'll see; I'll be back.'" Appellant's statements thus directly referred to the criminal proceedings that would be taking place and, more *Page 9 
specifically, to the idea that appellant would be free on bond prior to the trial of the charges against him. Given these facts, a jury could have reasonably inferred that appellant's intent was to influence Ms. Sydnor's participation in those proceedings.
 {¶ 13} Therefore, I would overrule appellant's second assignment of error regarding the sufficiency of the evidence, and would continue on to address the remaining assignments of error. Accordingly, I respectfully dissent.
[1] McClaskey involved a charge of intimidation of a public servant in violation of R.C. 2921.03, rather than a violation of R.C. 2921.04, but I believe the same analysis applies. *Page 1