OPINION
{¶ 1} Defendant-appellant, Linda S. Wood ("appellant"), appeals from the judgments of the Franklin County Court of Common Pleas, entered upon a jury verdict finding appellant guilty of two counts of domestic violence, one count of intimidation of a *Page 2 
victim or witness in a criminal case, and two counts of violating a protection order, all felonies of the third degree.
 {¶ 2} The following facts are gleaned from the evidence adduced at trial. Appellant began dating the victim, Rebecca Hart ("Hart"), in 2003, after the two met in a drug rehabilitation program. Shortly thereafter, appellant moved in to Hart's apartment. Although not legally married, the two thought of themselves as a married couple. Hart testified that the relationship was volatile from the beginning. She told the jury that appellant would "rage" on a regular basis, and her behavior included both verbal and physical abuse of Hart. Police were called to their home on more than 20 occasions.
 {¶ 3} In early 2006 the women's relationship ended. The breakup was precipitated by an incident that occurred on March 4, 2006, in which appellant, angry that Hart refused to give appellant money, flipped the table at which Hart was sitting, spraying Hart with hot wax from a candle that had been resting on the table; repeatedly punched Hart in the head; squeezed Hart's throat; and threatened to cut Hart's adult son with a knife. Following this incident, Hart obtained a temporary protection order ("TPO"), which prohibited appellant from, inter alia, being within 500 feet of Hart, and from abusing, threatening or following Hart. The TPO became effective on March 6, 2006.
 {¶ 4} The charges subject of the indictment in the instant case arose out of two separate incidents following the Franklin County Municipal Court's issuance of the TPO. First, on March 22, 2006, appellant waited outside a building located on High Street in Columbus, and confronted Hart as she exited the building. Appellant repeatedly hit Hart while alternately saying she was sorry but that she could not believe that Hart was "taking [her] to court" (pressing charges for the March 4, 2006 incident). *Page 3 
 {¶ 5} Hart ran toward a COTA bus, but after the bus driver refused to allow her on the bus, appellant pushed Hart down into the road. When an employee at a nearby gas station asked whether Hart wanted the police to be called, appellant ran off with Hart's jacket. The gas station employee testified that appellant was clearly the aggressor during the incident. Police and paramedics arrived, and the paramedics treated Hart for her injuries. Hart testified that, following this incident, appellant continued to follow and stalk her, and told Hart that she (appellant) would slash her wrists if Hart did not drop the criminal charges arising from the March 4, 2006 incident.
 {¶ 6} On July 14, 2006, Hart was waiting at a COTA bus stop near the courthouse, after having testified against appellant before the Franklin County Grand Jury. Apparently, appellant's attorney had informed her that Hart had just concluded her grand jury testimony. According to Hart's testimony, appellant rode up to Hart on a bicycle and began shoving Hart, and telling her that she (appellant) was not going to go to jail or to a drug program. At some point, appellant departed on her bicycle and the police arrived thereafter.
 {¶ 7} At the conclusion of the trial, the jury found appellant guilty of domestic violence and of violating the TPO, but not guilty of intimidation, arising out of the March 22, 2006 incident; and found her guilty of domestic violence, violating the TPO and intimidation, arising out of the July 14, 2006 incident. In another case not the subject of this appeal, the same jury acquitted appellant of domestic violence charges arising out of the March 4, 2006 incident.
 {¶ 8} The trial court ordered a presentence investigation and set the matter for sentencing. The parties stipulated that appellant had prior convictions for negligent *Page 4 
assault in 2001 and domestic violence in 2002. On January 25, 2007, the court held a sentencing hearing. Appellant requested that the court impose community control. Citing appellant's prior record, her disregard of the court's protection order, and her commission of the crimes for which she was convicted merely days and weeks after being arrested for the March 4, 2006 incident, appellee, State of Ohio ("appellee"), requested a prison sentence. Ultimately, the court imposed a prison sentence. The court imposed two years for each of the two counts arising out of the March 22, 2006 incident, to be served concurrently with one another. For the convictions arising out of the July 14, 2006 incident, the court imposed one year for the domestic violence count, and two years each for the charges of intimidation and violating a protection order, with all three terms to be served concurrently with one another. The court ordered that the terms arising out of the March 22, 2006 incident be served consecutively with the terms arising out of the July 14, 2006 incident, for an aggregate prison sentence of four years.
 {¶ 9} The trial court explained that, in sentencing appellant, the court was taking into consideration appellant's lack of remorse, her pattern of disregarding her obligations as a member of society, her prior assault-related convictions, her disregard of the municipal court's TPO, and the court's obligation to protect appellant's loved ones and the public.
 {¶ 10} Appellant timely appealed, and advances three assignments of error for our review, as follows:
 First Assignment of Error
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION *Page 5 
AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND WAS FURTHER DENIED DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION WHEN TRIAL COUNSEL FAILED TO OBTAIN A MENTAL EVALUATION OR REQUEST A COMPETENCY HEARING OF APPELLANT. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO PROFFER THE POTENTIAL TESTIMONY OF THREE DEFENSE WITNESSES DURING TRIAL.
 Second Assignment of Error
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST DEFENDANT-APPELLANT ON THE CHARGE OF INTIMIDATION OF A CRIME VICTIM OR WITNESS WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN SUCH A CONVICTION AND THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE STATE FAILED TO ESTABLISH THE NECESSARY ELEMENTS OF THE CRIME.
 Third Assignment of Error
 THE TRIAL COURT ERRED IN MAKING JUDICIAL FINDINGS ON THE RECORD IN SUPPORT OF ITS SENTENCE OF CONSECUTIVE PRISON TERMS.
 {¶ 11} In support of her first assignment of error, appellant argues that she received ineffective assistance of counsel, in violation of her constitutional rights, in two respects. First, she argues that her counsel was ineffective for failing to request a mental evaluation or a competency hearing. Second, she argues that her counsel was ineffective for failing to proffer the testimony of three witnesses to corroborate her testimony about an incident in early July 2006, in which Hart allegedly stalked and tried to rob appellant.
 {¶ 12} To prove ineffective assistance of counsel, the defendant must show that counsel's performance was deficient. Strickland v.Washington (1984), 466 U.S. 668, *Page 6 
686, 104 S.Ct. 2052, 80 L.Ed.2d 674. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment to the United States Constitution. Id.
 {¶ 13} The defendant must then show that counsel's deficient performance prejudiced her defense. Id. The accused must demonstrate a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Prejudice" exists only when counsel's performance renders the result of the trial unreliable or the proceeding unfair. Id.
 {¶ 14} "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. A defendant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. Id. at 697.
 {¶ 15} "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. A properly licensed attorney is presumed competent, and the burden of proving ineffectiveness is on the defendant. State v. Smith (1985), 17 Ohio St.3d 98, 100, 17 OBR 219,477 N.E.2d 1128. Thus, counsel's actions that "might be considered sound trial strategy" are presumed effective. Strickland, supra, at 689. Furthermore, counsel need not raise meritless issues. State v. Hill
(1996), 75 Ohio St.3d 195, 661 N.E.2d 1068.
 {¶ 16} Appellant argues that her counsel was ineffective for failing to request a mental evaluation or a competency hearing in light of the fact that counsel expressed concern for appellant's mental health at her bond hearing and sentencing hearing; and, *Page 7 
as appellant testified at trial, she has diagnosed mental health conditions for which she needs medication, but she was not being medicated during her pretrial incarceration or during the trial itself. Appellant testified that she gets "very unbalanced"[1] without her medication.
 {¶ 17} It has long been recognized that "a person * * * [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Drope v. Missouri (1975),420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103. "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." State v. Berry (1995),72 Ohio St.3d 354, 359, 650 N.E.2d 433, citing Pate v. Robinson (1966), 383 U.S. 375,86 S.Ct. 836, 15 L.Ed.2d 815. The right to a hearing "rises to the level of a constitutional guarantee where the record contains `sufficient indicia of incompetence,' such that an inquiry * * * is necessary to ensure the defendant's right to a fair trial." Berry, supra, at 359, citing Drope and Pate, supra.
 {¶ 18} Counsel became familiar with appellant in representing her, and we can therefore presume that if counsel had any reason to question appellant's competency in any respect, counsel would have done so.State v. Monroe, 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 99. See, also, State v. Spivey (1998), 81 Ohio St.3d 405, 411,692 N.E.2d 151. Moreover, upon review of the trial transcript, neither appellant's behavior at trial nor any testimony presented in her behalf provided "sufficient indicia of incompetence" to warrant a competency hearing. For these reasons we conclude that on this record counsel made no error in failing to request a mental evaluation of appellant, or *Page 8 
a competency hearing. Accordingly, appellant cannot meet the requirements under Strickland with respect to this aspect of her ineffective assistance claim.
 {¶ 19} Appellant also argues that her counsel was ineffective for failing to proffer the testimony of three witnesses to corroborate appellant's testimony about a July 12, 2006 incident in which she alleged that Hart followed her to a place she was known to frequent with friends, and stalked her and tried to rob her ("the Desert Island Club incident"). The record reveals that the trial court made a pretrial ruling that it would not admit the witnesses' testimony regarding the Desert Island Club incident because the same was not relevant and might violate the prohibition against extrinsic impeachment evidence. On cross-examination, appellant's counsel asked Hart about the Desert Island Club incident, and Hart's testimony regarding the incident contradicted that of appellant in almost every respect. On appeal, appellant argues that counsel should have proffered her witnesses' testimony in order to preserve the issue for review. She further argues that she was prejudiced by counsel's failure to do so because the witnesses would have enhanced appellant's credibility by corroborating her version of the Desert Island Club incident.
 {¶ 20} We note, however, that none of the charges upon which appellant was convicted were based upon the Desert Island Club incident. Accordingly, evidence regarding that incident was properly excluded, pursuant to Evid.R. 401, and counsel's failure to proffer it could not have affected the outcome of the trial or an appeal. Accordingly, appellant cannot meet the Strickland test with respect to this claimed deficiency in counsel's performance. For all of the foregoing reasons, appellant's first assignment of error is overruled. *Page 9 
 {¶ 21} In support of her second assignment of error, appellant maintains that her conviction for intimidation is not supported by sufficient evidence and is against the manifest weight of the evidence. The Supreme Court of Ohio outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560.
 {¶ 22} This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175,20 OBR 215, 485 N.E.2d 717. Rather, the sufficiency of evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson, supra, at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 80, 24 O.O.3d 150,434 N.E.2d 1356. The reviewing court does not substitute its judgment for that of the factfinder. Jenks, supra, at 279.
 {¶ 23} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact *Page 10 
"clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541.
 {¶ 24} The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass (1967), 10 Ohio St.2d 230,39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, supra, at 387.
 {¶ 25} Appellant argues that her conviction for intimidation, in violation of R.C. 2921.04(B), was not supported by sufficient evidence. R.C. 2921.04(B) provides:
 No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness.
 {¶ 26} Appellant argues that appellee failed to prove beyond a reasonable doubt that she acted knowingly on July 14, 2006, during the incident at the bus stop after Hart's grand jury testimony. She argues that, even assuming that Hart testified truthfully regarding appellant's jumping off her bicycle and striking Hart, there is no evidence as to appellant's mental state during the altercation because Hart never testified that the reason for appellant's actions was her desire to intimidate Hart into ceasing her cooperation in the criminal proceedings against appellant. *Page 11 
 {¶ 27} However, the mens rea for a criminal offense may be proved by circumstantial evidence. Jenks, supra. Circumstantial evidence and direct evidence inherently possess the same probative value. Id. With respect to the incident that was the basis for the intimidation charge, Hart testified that while appellant was hitting her and wrestling with her, appellant told her that she (appellant) was not going to go to jail or to a drug program. Moreover, Hart had just concluded her testimony against appellant in proceedings before the Franklin County Grand Jury. This constitutes sufficient evidence that appellant's attack on Hart was a knowing attempt to intimidate Hart into ceasing her cooperation in the criminal proceedings.
 {¶ 28} Appellant also argues that appellee failed to adduce sufficient evidence that appellant used force or unlawful threat of harm to influence, intimidate or hinder Hart in the furtherance of criminal charges. More specifically, she argues that Hart never testified that appellant made any threats, and, while she did testify that appellant used force, her testimony did not show that the force was an attempt to intimidate or influence her with respect to the criminal proceedings against appellant. We disagree.
 {¶ 29} An explicit quid pro quo is not required to support a charge of intimidation. State v. McClaskey, Franklin App. No. 05AP-882,2006-Ohio-6646, ¶ 28. "A jury is permitted to draw reasonable inferences based on the evidence provided * * *." Id. Accordingly, the trier of fact could have reasonably inferred from appellant's statements made while assaulting Hart that her intention was to intimidate Hart into declining to further cooperate in appellant's criminal prosecution.
 {¶ 30} Appellant's only argument in support of her manifest weight challenge is that because her conviction for intimidation was not supported by sufficient evidence, it *Page 12 
was likewise against the manifest weight of the evidence. Having determined that the evidence was sufficient to support the conviction for intimidation, and having reviewed all of the evidence adduced at trial, we conclude that the jury did not lose its way in finding appellant guilty of that charge. For all of these reasons, appellant's second assignment of error is overruled.
 {¶ 31} In support of her third assignment of error, appellant argues that the trial court erred in making "judicial findings" on the record when it imposed consecutive prison terms. More specifically, appellant points out that the trial court discussed such items as appellant's lack of remorse, her prior record of assaultive behaviors, and the court's responsibility to protect Hart and the rest of the public from appellant's violent propensities. Appellant argues that these types of factors were deemed unconstitutional in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and, therefore, the trial court was not permitted to mention them during sentencing.
 {¶ 32} In State v. Dean, Franklin App. No. 06AP-744, 2007-Ohio-3736, ¶ 6, this court explained:
 This court recently considered the applicable standard of review for a felony sentence, particularly in light of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in which that court excised portions of Ohio's felony sentencing laws. In State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, at ¶ 19, this court held that "R.C. 2953.08(G) requires us to continue to review felony sentences under the clear and convincing standard." Thus, "[p]ursuant to R.C. 2953.08(G), an appellate court may modify a sentence or remand for resentencing if the appellate court clearly and convincingly finds either the record does not support the sentence, or the sentence is contrary to law." State v. Tewolde, Franklin App. No. 06AP-764, 2007-Ohio-2218, at ¶ 7. *Page 13 
It is with standard in mind that we review appellant's sentence and determine the merits of her third assignment of error.
 {¶ 33} Because appellant was sentenced after Foster, the trial court had full discretion to impose prison sentences within the applicable statutory range and was not required to make findings, or give its reasons for the imposed sentences. State v. Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, ¶ 30, citing Foster, supra, paragraph one of the syllabus. However, nothing in Foster proscribes trial courts from explaining their reasoning for imposing a particular sentence. The only requirements in felony sentencing after Foster are that the trial court impose sentences within the prescribed range corresponding to each offense of conviction, consider any applicable statutory seriousness and recidivism factors, and ensure that the sentence complies with the overriding principles and purposes for felony sentencing.
 {¶ 34} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Pursuant to R.C. 2929.12, a trial court is required to "consider seriousness and recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E) to ensure that a sentence complies with the overriding principles of felony sentencing enunciated in R.C. 2929.11." State v. Burton, Franklin App. No. 06AP-690, 2007-Ohio-1941, ¶ 31.[2] These factors include an offender's lack of remorse, prior criminal record, and failure to respond favorably to criminal sanctions previously imposed. In the present case, when the court discussed factors such as appellant's criminal record and lack of remorse, and the goal of protection *Page 14 
of the public, it was not making impermissible "findings," but was engaging in precisely the kind of thoughtful consideration that is required of it.
 {¶ 35} Upon review of the transcript of the sentencing hearing, it is clear that the trial court complied with the overriding principles and purposes of felony sentencing and, in doing so, considered the applicable seriousness and recidivism factors outlined in R.C. 2929.12. Thus, the trial court did not err in imposing consecutive sentences, and did not err in engaging in the sentencing process or in announcing the sentence at the hearing. Accordingly, appellant's third assignment of error is overruled.
 {¶ 36} Having overruled all of appellant's assignments of error, we affirm the Judgments of the Franklin County Court of Common Pleas.
Judgments affirmed.
P. BRYANT and T. BRYANT, JJ., concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Tr. 285.
[2] Further, R.C. 2929.12(A) "states that the trial court may also consider `any other factors that are relevant' to the principles of felony sentencing." Id.