JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Andrew Henry ("defendant"), appeals from his conviction and sentence in the Common Pleas Court for aggravated robbery. This is a companion case to Statev. Blair, Cuyahoga App. No. 85880, 2205-Ohio-___, which is the appeal of the co-defendant. Both cases raise and argue identical assignments of error such that the resolution of Blair controls the disposition of this appeal. Accordingly, we adopt and incorporate the facts and reasoning in Blair here.
 {¶ 2} Defendant raises six assignments of error, which are attached as Appendix A. Defendant's second assignment of error is sustained. The remaining issues and assignments of error are moot.
 {¶ 3} Judgment reversed. We remand this case to the trial court to vacate the conviction and sentence and enter a judgment of acquittal.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., concur.
 APPENDIX A
"I. The trial [sic] was without jurisdiction to conduct a bench trial because the requirements of R.C. 2945.05 were not strictly followed.
"II. The evidence was insufficient to support the convictions.
"III. The verdicts of guilty are against the manifest weight of the evidence.
"IV. The trial court erred in imposing more than the minimum sentence.
"V. The trial court erred in imposing maximum sentences.
"VI. The trial court erred by failing to make required findings beyond a reasonable doubt before imposing an enhanced sentence."