JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jibrel M. Howard ("defendant"), appeals from his conviction in the Cuyahoga County Court of Common Pleas for having a weapon while under disability. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On September 9, 2004, the Cuyahoga County Grand Jury indicted defendant on one count of aggravated murder in violation of R.C. 2903.01 and one count of having a weapon while under disability in violation of R.C. 2923.13.
 {¶ 3} On January 31, 2005, defendant appeared in court and executed a waiver of jury trial with regard to the having a weapon while under disability charge. The trial court engaged in a colloquy with the defendant in which it instructed him as to the constitutional and statutory rights he was waiving. The signed waiver was filed later that day. Thereafter, a bifurcated trial began.
 {¶ 4} On February 11, 2005, the jury returned a verdict of not guilty of aggravated murder. The trial court returned a verdict of guilty of having a weapon while under disability. Defendant was sentenced to two years in prison. Defendant appeals and raises one assignment of error for our review.
 {¶ 5} "I. The trial court was without jurisdiction to conduct a bench trial, because the jury waiver in the case at bar was not executed in strict compliance with the statutory requirements."
 {¶ 6} In his sole assignment of error, defendant argues that the trial court was without jurisdiction to conduct a bench trial, because the written jury waiver was not filed before the trial began. We disagree.
 {¶ 7} Crim.R. 23(A) provides that a criminal defendant may knowingly, intelligently, and voluntarily waive in writing his right to trial by jury. State v. Bays, 87 Ohio St.3d 15, 19, 1999-Ohio-216, citing State v. Ruppert (1978),54 Ohio St.2d 263, 271. R.C. 2945.05 requires that a jury waiver be in writing, signed by the defendant, filed in the case, and made a part of the record. Absent strict compliance with these requirements, a trial court lacks jurisdiction to try the defendant without a jury. State v. Pless, 74 Ohio St.3d 333, 1996-Ohio-102.
 {¶ 8} This Court has repeatedly held that strict compliance with R.C. 2945.05 occurs upon the filing of the jury waiver; there is no rule pertaining to when the filing must occur. Statev. Blair, Cuyahoga App. No. 85880, 2005-Ohio-6630; State v.Henry, Cayahoga App. No. 85879, 2005-Ohio-6629; State v. Pace,
Cuyahoga App. No. 84996, 2005-Ohio-3586; State v. McKinney,
Cuyahoga App. No. 80991, 2002-Ohio-7249; State v. Sekera,
Cuyahoga App. No. 80690, 2002-Ohio-5972. R.C. 2945.05 requires only that the waiver occur before trial and that the waiver is filed, time-stamped and contained in the record. State v.Antonic (Nov. 22, 2000), Cuyahoga App. No. 77678. See, also,State v. Pless, supra; State v. Gipson, 80 Ohio St.3d 626,1998-Ohio-659. There is no requirement that the waiver be filed and placed in the record before trial. Ibid.
 {¶ 9} Here, the record reflects that defendant signed a jury waiver form with regard to count two of the indictment. The journal entry reflects that it was filed the same day. Accordingly, the requirements of R.C. 2945.05 have been satisfied and defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Blackmon, J., concur.