JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ellis Gums ("defendant"), appeals his conviction for drug possession. For the reasons that follow, we affirm.
 {¶ 2} Defendant was indicted along with co-defendant Nichole Taylor ("Taylor"). He executed a jury waiver that was filed and processed on May 12, 2005 at 9:28 a.m. The trial was continued to May 25, 2005, and defendant again executed a jury waiver that was filed on May 25, 2005 at 9:21 a.m.
 {¶ 3} At trial, Sheriff Detective Engelhart testified that on June 10, 2004, at 1:30 a.m. he and two other detectives were engaged in undercover surveillance for drug activity at a gas station in Cleveland. They observed a red car, driven by defendant and occupied by Taylor, pull into the station. The two sat in the car for a few minutes, which the detectives found suspicious and indicative of possible drug activity. Eventually, Taylor purchased something from the clerk. At the same time, a male walked up to defendant and gave defendant a bag in exchange for cash.[1] On the belief that a drug transaction took place, the detectives surrounded the vehicle. They obtained defendant's consent to search the car and observed bags of crack cocaine and marijuana in plain view. All three individuals were arrested.
 {¶ 4} While in custody and after being Mirandized, defendant said he was going to sell the drugs for rent money. Taylor allegedly gave an identical account to the detectives.
 {¶ 5} In a separate proceeding, Taylor was convicted and placed on probation. At defendant's trial, Taylor stated that the drugs belonged to her. She further denied making any statements to authorities.
 {¶ 6} Defendant testified that he admitted to possessing the drugs as a means of protecting Taylor, his then girlfriend. He now maintains he had no knowledge of the presence of the drugs.
 {¶ 7} The trial court found defendant guilty of possessing drugs. The trial court found the testimony of co-defendant Taylor not credible and described defendant's testimony as "suspect."
 {¶ 8} Defendant received a sentence of community control sanctions, which he does not challenge on appeal. For purposes of our review, defendant assigns the following assignments of error:
 {¶ 9} "I. Mr. Gums received the ineffective assistance of counsel when his attorney failed to move to dismiss the instant case for want of speedy trial, failed to move to suppress the contraband found in the vehicle as well as his statement to the police, and failed to object to the hearsay testimony in the State's case-in-chief in which Taylor's statements were introduced into evidence."
 {¶ 10} To establish a claim of ineffective assistance of counsel, defendant must show two components: (1) "`that counsel's performance was deficient'"; and (2) "`* * * that the deficient performance prejudiced the defense.'" State v. Kole,92 Ohio St.3d 303, 2001-Ohio-191, quoting Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. However, appellate review of counsel's performance must be highly deferential. Id.
 {¶ 11} Defendant contends his counsel was ineffective for various reasons. We disagree. Each alleged deficiency that was substantively briefed is examined separately below. App.R. 12(A)(2).
A. Speedy Trial.
 {¶ 12} An ineffective assistance of counsel claim predicated upon a failure to file a motion to dismiss for want of speedy trial is reversible only for plain error. State v. Boone,
Cuyahoga App. No. 81155, 2003-Ohio-996, ¶ 6, citing State v.Manos (Jan 15, 1998), Cuyahoga App. No. 64616.
 {¶ 13} R.C. 2945.71(C)(2) requires the State to bring the accused to trial within 270 days after his arrest. "Each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). R.C. 2945.72 provides various grounds for extending the statutory time limits. Specifically, R.C. 2945.72(D), (E) and (H) permit extension of the time for the following:
 {¶ 14} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 15} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 16} "* * *
 {¶ 17} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;"
 {¶ 18} Here, defendant was arrested on June 10, 2004 and released on June 12, 2004 — accumulating six (6) speedy trial days. Between June 12, 2004 and the date of trial on May 25, 2005, a total of 347 speedy trial days elapsed for a combined total of 354 days.
 {¶ 19} Defendant agrees that the period between February 9, 2005 and March 31, 2005 should be excluded from the speedy trial calculation, totaling 50 days. We also exclude any time resulting from continuances at defendant's request, which include the period February 3, 2005 to February 9, 2005, totaling 6 days. Thus, by agreement of the parties, the speedy trial time is decreased to 298 days.
 {¶ 20} The parties dispute the period between August 24, 2004 and January 22, 2005. A summons was issued by certified mail on August 24, 2004. Defendant's failure to appear at the September 2, 2004 arraignment resulted in the issuance of a capias. Defendant argues this time should not be excluded because the State failed to exercise due diligence in locating defendant and because he believes Crim.R.4(D)(3) required the summons be personally served. The State counters that the rule allows for service by certified mail and that the delay was caused by defendant's failure to claim his mail and thus tolls the speedy trial time. We agree.
 {¶ 21} Personal service is mandated when a summons is served in lieu of arrest under division (A)(3) or when a summons is issued after arrest under division (F) of Criminal Rule 4. Both division (A)(3) and (F) of Crim.R. 4 pertain to misdemeanor cases. Defendant was charged with a felony and the summons was issued pursuant to Crim.R. 9. Accordingly, certified mail was an appropriate means of service.
 {¶ 22} "A [defendant] furnishing an address to police upon arrest has some duty to accept certified mail delivered to that same address within a reasonable time * * * we should not allow [defendants] to use their slipperiness to claim the protection of the Sixth Amendment." State v. Triplett (1997),78 Ohio St.3d 566. Defendant's failure to claim a summons issued by certified mail to an address he furnished is at the least delay occasioned by his own neglect. Accordingly, we find this time period should be excluded from the speedy trial calculation negating a claim of a speedy trial violation. Accordingly, a claim of ineffective assistance of counsel predicated thereon cannot be sustained.
B. Motion to Suppress.
 {¶ 23} This Court has recently observed:
 {¶ 24} "A failure to file a motion to suppress may constitute ineffective assistance of counsel where there is a solid possibility that the court would have suppressed the evidence. [citation omitted]. However, even when some evidence in the record supports a motion to suppress, we presume that defense counsel was effective if defense counsel could reasonably have decided that the filing of a motion to suppress would have been a futile act. [citation omitted]." State v. Jackson, Cuyahoga App. No. 86542.
 {¶ 25} 2006-Ohio-1938, ¶ 18.
 {¶ 26} Defendant maintains that the deputies lacked reasonable suspicion to stop him. Defendant further argues that he was subject to an illegal seizure under the Fourth Amendment in the way the deputies approached his vehicle.
 {¶ 27} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them, per se, unreasonable unless an exception applies. Katz v.United States (1967), 389 U.S. 347. An investigative stop or Terry
stop is a common exception to the Fourth Amendment warrant requirement. Terry v. Ohio (1968), 392 U.S. 1. Under theTerry-stop exception, an officer properly stops an automobile if the officer possesses the requisite reasonable suspicion based on specific and articulable facts. Delaware v. Prouse (1979),440 U.S. 648, 653; State v. Gedeon (1992), 81 Ohio App.3d 617,618; State v. Heinrichs (1988), 46 Ohio App.3d 63.
 {¶ 28} In this case, Det. Engelhart articulated reasonable suspicion to merit an approach of the vehicle, including an on-going surveillance; that defendant sat at the gas station for a period of time for no apparent reason; and that defendant exchanged money for a bag. Once the deputies approached, and notwithstanding the testimony that drugs were in plain view, defendant consented to a search of the vehicle.
 {¶ 29} Under these factual circumstances, defense counsel could reasonably conclude that filing a motion to suppress would have been a futile act as there was not a solid possibility that the trial court would have suppressed the evidence.
 {¶ 30} Assignment of Error I is overruled.
 {¶ 31} "II. The trial court was without jurisdiction to conduct a bench trial because the requirements of R.C. 2945.05
were not strictly followed."
 {¶ 32} Crim.R. 23(A) provides that a criminal defendant may knowingly, intelligently, and voluntarily waive in writing his right to trial by jury. State v. Bays, 87 Ohio St.3d 15, 19, citing State v. Ruppert (1978), 54 Ohio St.2d 263, 271. R.C.2945.05 requires that a jury waiver be in writing, signed by the defendant, filed in the case, and made a part of the record. Absent strict compliance with these requirements, a trial court lacks jurisdiction to try the defendant without a jury. State v.Pless, 74 Ohio St.3d 333, 1996-Ohio-102.
 {¶ 33} This Court has repeatedly held that strict compliance with R.C. 2945.05 occurs upon the filing of the jury waiver, there is no rule pertaining to when the filing must occur. Statev. Blair, Cuyahoga App. No. 85880, 2005-Ohio-6630; State v.Henry, Cuyahoga App. No. 85879, 2005-Ohio-629; State v. Pace,
Cuyahoga App. No. 84996, 2005-Ohio 3586; State v. McKinney,
Cuyahoga App. No. 80991, 2002-Ohio-7249; State v. Sekera,
Cuyahoga App. No. 80690, 2002-Ohio-5972. R.C. 2945.05 requires only that the waiver occur before trial and that the waiver is filed, time-stamped and contained in the record. State v.Antoncic (Nov. 22, 2000), Cuyahoga App. No. 77678. There is no requirement that the waiver be filed and placed in the record before trial commences. Ibid.
 {¶ 34} Here, the record reflects that defendant executed two separate jury waiver forms; the first was filed and processed on May 12, 2005 at 9:28 a.m., and the second was filed on May 25, 2005 at 9:21 a.m. The requirements of R.C. 2945.05 have been satisfied and this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Calabrese, Jr., J., concur.
[1] It was later determined that this bag contained videos.