JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Lawrence Zylko ("defendant"), appeals a judgment of the Common Pleas Court entered pursuant to a bench trial, finding him guilty of burglary, theft, and intimidation. For the reasons that follow, we affirm the conviction and remand for correction of the journal entries.
 {¶ 2} The facts leading to defendant's convictions are as follows: On January 21, 2005, defendant telephoned Deacon Thomas Senn ("Deacon Senn") of Our Lady of Angels Church in Cleveland, Ohio to request an appointment to discuss his economic and spiritual needs. Deacon Senn had never met defendant before and agreed to meet with him later that afternoon. Defendant arrived at the rectory that afternoon and Deacon Senn let him inside. After talking for a few minutes, Deacon Senn left the defendant in the waiting room so that he could gather a bag of groceries and two $25 gift cards to Tops Supermarket to give to the defendant. Deacon Senn was away for approximately 7-10 minutes. During this time, defendant was alone in the waiting room.[1] After Deacon Senn came back downstairs, defendant accepted the groceries and gift cards and left the rectory. Later that day, Deacon Senn learned that gift cards in the amount of $3,065 were missing from the rectory office. The gift cards were kept in an office next to the waiting room. Deacon Senn called the Cleveland Police Department and filed a report identifying defendant as the possible perpetrator. *Page 4 
 {¶ 3} On January 26, 2005, Detectives Jeanie Joyce and Matthew Baeppler went to defendant's home and questioned him about his identity and whereabouts on the day of the theft. The detectives did not enter the home. Defendant was given his Miranda rights. The detectives told defendant that he was a suspect in the theft of gift cards from Our Lady of Angels Church. Defendant denied taking the cards at first, but then admitted that he had taken them. The detectives asked the defendant if he would come to the station and make a statement. The defendant agreed and was handcuffed and placed in the cruiser. At the station, defendant was given his Miranda rights again, after which he gave a written statement admitting that he took the gift cards and had given them to his landlord/roommate, Dennis Meyers, as payment for rent. He also signed a consent form allowing the detectives to search his home. Defendant was then let go without being charged.
 {¶ 4} The detectives went back to defendant's home and Nancy Chancellor, the roommate/girlfriend of Dennis Meyers, told the detectives that she had seen Dennis with the gift cards. She signed a consent search form allowing the detectives to search the home. The detectives found a stack of gift cards in the amount of $1,120 in Dennis' bedroom. Defendant arrived home shortly after the detectives found the gift cards and was told that the matter would be referred to the Grand Jury.
 {¶ 5} On March 17, 2005, Deacon Senn received a message on his answering machine. On the tape, defendant expressed his disbelief that he was being accused of stealing after being inappropriately touched on his leg by Deacon *Page 5 
Senn while they had been talking at Our Lady of Angels Church on January 21, 2005. Deacon Senn called the police and reported the phone call.
 {¶ 6} On March 22, 2005, the Grand Jury indicted defendant in Case No. CR-463657 on one count of burglary, in violation of R.C. 2911.12(A)(3) and one count of theft, in violation of R.C. 2913.02, for the incident that occurred at Our Lady of Angels Church on January 21, 2005.
 {¶ 7} On February 7, 2006, the Grand Jury indicted defendant in Case No. CR-476735 on one count of intimidation for the phone call that occurred on March 17, 2005.
 {¶ 8} The cases were consolidated for trial. On March 21, 2007, a bench trial commenced. Defendant moved to suppress the statements he made to the detectives and the physical evidence obtained by the State claiming that he was coerced and they were made in violation of hisMiranda rights. After the State's presentation of evidence, the trial court denied the motion.
 {¶ 9} On March 30, 2007, defendant was found guilty of burglary, theft, and intimidation as charged in the indictments. He was sentenced to three years on the burglary charge, one year on the theft charge, and one year on the intimidation charge, for a total sentence of three years. He now appeals and presents the following six assignments of error, which shall be addressed together where appropriate. *Page 6 
 {¶ 10} "I. The trial court erred when it allowed testimony about and admitted the `confession' of the accused as it should have been suppressed as illegally obtained in violation of the U.S. Constitution Amendment V and XIV and Ohio Constitution Section 10, Article I."
 {¶ 11} In his first assignment of error, defendant argues that the detectives' questioning on January 26, 2005 was improper and that his statements should be suppressed. Specifically, defendant argues that his "confession" was inadmissible, and the trial court erred by not excluding it from evidence, since he was subject to a "custodial interrogation" and he was not given Miranda warnings as soon as the detectives arrived at his home.
 {¶ 12} In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973),34 Ohio St.2d 250. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. State v. Schiebel (1990),55 Ohio St.3d 71. However, this Court engages in a de novo review of whether the facts meet the appropriate legal standard. State v.Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 13} Statements resulting from custodial interrogations are admissible only after a showing that law enforcement officers have followed certain procedural *Page 7 
safeguards.[2] Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694. A defendant may waive his Miranda rights, provided that the waiver was made knowingly, voluntarily, and intelligently. State v.Farris, 9th Dist. No. 03CA0022, 2004-Ohio-826, at ¶ 9.
 {¶ 14} Here, a review of the record demonstrates that competent, credible evidence supports the trial court's finding that the police provided defendant with the warnings required by Miranda. Defendant was at his home when the detectives arrived to investigate the theft at Our Lady of Angels Church. After the defendant identified himself as the man they were looking for and admitting that he had been at the church, he was advised of his Miranda rights. After initially denying that he had taken the gift cards, defendant admitted that he had taken them. While the detective did not obtain a written waiver from defendant at this point, we agree with the trial court that defendant's response after receiving his Miranda rights constituted a waiver of said rights.
 {¶ 15} The record is void of any evidence that defendant wished to exercise his Miranda rights. Rather, the evidence shows that defendant fully cooperated with the police, voluntarily agreed to come to the station, and, after receiving his Miranda rights again at the station, voluntarily gave a written statement admitting that he had *Page 8 
taken the gift cards. In addition, there is no evidence to indicate that either of the detectives coerced defendant in any way into making any statements.
 {¶ 16} Based on the totality of the circumstances, we find that defendant's statements were voluntary and that he knowingly, voluntarily, and intelligently waived his Miranda rights. Contrary to defendant's assertions, the detectives were not required to give him hisMiranda rights as soon as they arrived at his home, since he was not "in custody" at that point. Miranda warnings are due only when a suspect interrogated by the police is "in custody." Thompson v. Keohane (1995),133 L.Ed.2d 383, 116 S.Ct. 457, 460. Accordingly, the trial court did not err in denying his motion to suppress his statements.
 {¶ 17} Assignment of Error I is overruled.
 {¶ 18} "II. The trial court erred when it failed to suppress State's Exhibits 2 through 9 as they were obtained as a result of an illegally obtained `confession' in violation of U.S. Constitution Amendments IV,V, and XIV, and Ohio Constitution Section 10, Article I."
 {¶ 19} In his second assignment of error, the defendant argues that the physical evidence should have been suppressed because it was obtained as a result of his statements made without the benefit of aMiranda warning.
 {¶ 20} In the previous assignment of error, we held that the defendant voluntarily waived his Miranda rights and that the trial court did not err in refusing to suppress his statements. As such, the gift cards obtained as a direct result of *Page 9 
defendant's statements and Nancy Chancellor's voluntary consent to search are admissible, and the trial court did not err in denying his motion to suppress them.
 {¶ 21} Assignment of Error II is overruled.
 {¶ 22} "III. The accused's conviction for burglary was not supported by sufficient evidence as required by due process in violation of U.S. Constitution Amendment XIV and Crim. R. 29.
 {¶ 23} "IV. The accused's conviction for intimidation was not supported by sufficient evidence as required by due process in violation of U.S. Constitution Amendment XIV and Crim. R. 29."
 {¶ 24} In his third and fourth assignments of error, defendant argues that there was insufficient evidence to support his convictions for burglary and intimidation.
 {¶ 25} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State.State v. Dennis, 79 Ohio St.3d 421, 430, 1997-Ohio-372.
 {¶ 26} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Thompkins (1997), *Page 10 78 Ohio St.3d 380, 386. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. Id. "In essence, sufficiency is a test of adequacy; whether the evidence is legally sufficient to sustain a verdict." Id. A verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis, supra.
 {¶ 27} Burglary
 {¶ 28} R.C. 2911.12(A)(3) defines burglary, in pertinent part, as follows:
 {¶ 29} "(A) No person, by force, stealth, or deception, shall * * * [trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 30} A person criminally trespasses when he or she knowingly enters or remains on the land or premises of another without privilege to do so. R.C. 2911.21(A)(1). Privilege is defined as "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of * * * [a] relationship." R.C. 2901.01(A)(12).
 {¶ 31} Defendant claims that he cannot be guilty of burglary because the State cannot establish that he trespassed onto the property. Specifically, defendant argues that he had "permission" to be on the property of Our Lady of Angels Church. *Page 11 
 {¶ 32} Here, the State presented evidence that defendant, while lawfully on the premises of Our Lady of Angels Church, entered an office, where he did not have permission to be, and took gift cards belonging to the Church. Detectives Baeppler and Joyce both testified that defendant admitted taking the gift cards.
 {¶ 33} We conclude that this evidence is sufficient to allow the court to find the essential elements of burglary proven beyond a reasonable doubt. Although Deacon Senn permitted defendant to enter the rectory at Our Lady of Angels Church on January 21, 2005, the court was justified in inferring defendant's privilege terminated when he went into the secretary's office to steal gift cards from her desk. See State v.Thompson (Nov. 10, 1997), Franklin App. No. 97APA04-489 (finding privilege can terminate with commission of a crime), citing State v.Steffen (1987), 31 Ohio St.3d 111; State v. Divincenzo, Medina App. No. 05CA0105-M, 2006-Ohio-6330. Accordingly, the trial court did not err by finding defendant guilty of burglary.
 {¶ 34} Assignment of Error III is overruled.
 {¶ 35} Intimidation
 {¶ 36} R.C. 2921.04(B) provides as follows:
 {¶ 37} "(B) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." *Page 12 
 {¶ 38} Defendant claims that he cannot be guilty of intimidation because the State cannot establish that he used an unlawful threat to influence or intimidate Deacon Senn. Specifically, defendant argues that his statements were too vague to constitute a real threat and did not violate any criminal or civil laws.
 {¶ 39} Here, the State presented evidence that defendant telephoned the rectory and left a message for Deacon Senn expressing his disbelief that the church was going to press charges against him after Deacon Senn had inappropriately touched him while he was there. The State also presented evidence that this was a false statement and that Deacon Senn felt "intimidated and threatened" by the phone call.
 {¶ 40} We believe the court could reasonably find that defendant's phone call was an attempt to intimidate Deacon Senn, who was a witness involved in a criminal action. An explicit quid pro quo is not required to support a charge of intimidation. See State v. McClaskey, Franklin App. No. 05AP-882, 2006-Ohio-6646, ¶ 28. Rather, a trier of fact is "permitted to draw reasonable inferences based on the evidence provided." Id.
 {¶ 41} Here, the trial court could have reasonably inferred from defendant's statements in the phone call to Deacon Senn that his intention was to intimidate or coerce Deacon Senn from pressing charges or cooperating in defendant's criminal prosecution by making a false charge or misrepresentation maliciously calculated to harm Deacon Senn's reputation. *Page 13 
 {¶ 42} R.C. 2905.12(A)(2) provides, in pertinent part, that: "No person, with purpose to coerce another into taking or refraining from action concerning which the other person has a legal freedom of choice, shall * * * [u]tter or threaten any calumny against any person." Merriam-Webster's Dictionary defines "calumny" as: "A misrepresentation intended to harm another's reputation; the act of uttering false charges or misrepresentations maliciously calculated to harm another's reputation." Where the making of a threat constitutes the offense of coercion, in violation of R.C. 2905.12, that offense would serve as a predicate offense for the crime of witness intimidation as proscribed by R.C. 2921.04(B). See State v. Cress, 112 Ohio St.3d 72, 78,2006-Ohio-6501.
 {¶ 43} Accordingly, there was sufficient evidence that defendant made an unlawful threat of harm and the trial court did not err in finding him guilty of intimidation.
 {¶ 44} Assignment of Error IV is overruled.
 {¶ 45} "V. The court erred in finding the accused guilty and senencting [sic] him under offenses for which the accused was not under indicment [sic]."
 {¶ 46} In his fifth assignment of error, defendant argues that the court erred in finding him guilty and sentencing him under offenses for which he was not indicted. Specifically, defendant claims that the trial court erred in finding him guilty of burglary under R.C. 2911.12(A)(1) or (A)(2) and intimidation under R.C. 2921.04.
 {¶ 47} Intimidation *Page 14 
 {¶ 48} The indictment in Case No. CR-476735 charged defendant with one count of intimidation and reads as follows in pertinent part:
 {¶ 49} "The Jurors of the Grand Jury * * * on their oaths * * * find that * * * defendant * * * unlawfully and knowingly and by force or by unlawful threat of harm to any person or property, did attempt to influence, intimidate or hinder Our Lady of Angels Church and/or Fr. Cregan and/or Deacon Senn, a victim of a crime, in the filing or prosecution of criminal charges."
 {¶ 50} The language of the indictment follows R.C. 2921.04, which governs intimidation and provides, in relevant part:
 {¶ 51} "(B) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 52} The indictment, however, mistakenly references R.C. 2921.03, which governs intimidation of a public servant, party official, or witness in the discharge of the person's duty. Defendant argues that this error justifies a reversal of his conviction for intimidation because there is "no assurance that he was found guilty of the charge the grand jury considered."
 {¶ 53} In State v. Wilburn, Cuyahoga App. No. 82573, 2003-Ohio-6495, reversed on other grounds, (2004), 104 Ohio St.3d 263, 2004-Ohio-6404, this Court *Page 15 
confronted this exact issue and determined that the defendant could not demonstrate any prejudice where he was indicted for intimidation under R.C. 2921.04 but the language of the indictment followed R.C. 2921.03-the opposite of what occurred in this case. Citing Crim. R. 7(B),[3] this Court determined that Wilburn was given sufficient notice of all the elements of the offense with which he had been charged and that the incorrect numerical designation did not mislead him as to the charges against him, since both statutes deal with attempts to influence, intimidate, or hinder a witness. Accordingly, we find the incorrect numerical designation in this case does not require this Court to reverse defendant's conviction for intimidation. See, also, State v.Colon, Slip Opinion No. 2008-Ohio-1624, at ¶ 42.
 {¶ 54} Burglary
 {¶ 55} The indictment in Case No. CR-463657 charged defendant with one count of burglary and reads as follows in pertinent part:
 {¶ 56} "The Jurors of the Grand Jury * * * on their oaths * * * find that * * * defendant * * * did by force, stealth, or deception trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, the *Page 16 
property of Our Lady of Angels, with purpose to commit in the structure or separately occupied portion of any criminal offense and/or theft offense."
 {¶ 57} The language of the indictment follows R.C. 2911.12(A)(3), which is a felony of the third degree.
 {¶ 58} Following the bench trial, defendant was found guilty of burglary "as charged in the indictment." (Tr. 260.) However, the journal entry incorrectly states that defendant was guilty of burglary, an "F2," second degree felony. Defendant was subsequently sentenced to three years incarceration on the burglary count. During the sentencing hearing, the trial court did not make any reference to the degree of the offense. However, the journal entry again noted that defendant had been found guilty of burglary, an "F2."
 {¶ 59} Defendant argues that this error justifies a reversal of his burglary conviction because he was found guilty of the higher degree of the offense as found in R.C. 2911.12(A)(1) or (2) when he was indicted on the lesser degree offense found in R.C. 2911.12(A)(3).
 {¶ 60} While there is some evidence in the record thatall[4] of the parties were under the mistaken belief that defendant had been indicted under R.C. 2911.12(A)(1) or (2),[5] the trial court specifically found defendant guilty of burglary "as *Page 17 
charged in the indictment." (Tr. 260.) Accordingly, defendant was found guilty of burglary, an "F3", third degree felony, as charged in the indictment. Defendant was subsequently sentenced to three years incarceration, which is within the range of penalties allowed for a third degree felony. Accordingly, this matter is remanded for the sole purpose of correcting the journal entries, dated April 2, 2007 and May 3, 2007, to reflect that defendant was found guilty of burglary, F3, a third degree felony.
 {¶ 61} Assignment of Error V is overruled in part and sustained in part.
 {¶ 62} "VI. The trial court was without jurisdiction to conduct a bench trial because the requirements of R.C. 2945.05 were not strictly followed."
 {¶ 63} Crim. R. 23(A) provides that a criminal defendant may knowingly, intelligently, and voluntarily waive in writing his right to trial by jury. State v. Gums, Cuyahoga App. No. 86760, 2006-Ohio-3159, citingState v. Bays, 87 Ohio St.3d 15, 19, 1999-Ohio-216. R.C. 2945.05
requires that a jury waiver be in writing, signed by the defendant, filed in the case, and made a part of the record. Absent strict compliance with these requirements, a trial court lacks jurisdiction to try the defendant without a jury. Id., citing State v. Pless,74 Ohio St.3d 333, 1996-Ohio-102.
 {¶ 64} This Court has repeatedly held that strict compliance with R.C. 2945.05 occurs upon the filing of the jury waiver; there is no rule pertaining to when the filing must occur. Id.; State v. Blair, Cuyahoga App. No. 85880, 2005-Ohio-6630; State v. Henry, Cuyahoga App. No. 85879,2005-Ohio-6629; State v. Pace, Cuyahoga App. *Page 18 
No. 84996, 2005-Ohio-3586; State v. McKinney, Cuyahoga App. No. 80991, 2002-Ohio-7249; State v. Sekera, Cuyahoga App. No. 80690, 2002-Ohio-5972. R.C. 2945.05 requires only that the waiver occur before trial and that the waiver is filed, time-stamped, and contained in the record. State v. Gums, supra; State v. Antoncic (Nov. 22, 2000), Cuyahoga App. No. 77678, 2000 Ohio App. LEXIS 5481. There is no requirement that the waiver be filed and placed in the record before trial commences. Id.
 {¶ 65} Here, the record reflects that defendant executed a jury waiver form in open court on March 21, 2007. (Tr. 12.) The jury waiver form was file stamped March 21, 2007 at 11:24 a.m. Accordingly, the requirements of R.C. 2945.05 have been satisfied
 {¶ 66} Assignment of Error VI is overruled.
 {¶ 67} Judgment affirmed and the case is remanded for correction of journal entries.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for correction of journal entries. *Page 19 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and MELODY J. STEWART, J., CONCUR
[1] The secretary, who is usually present, was away from her desk.
[2] Prior to beginning a custodial interrogation, a defendant must be informed that he has the right to remain silent, any statement he makes may be used as evidence against him, and he has the right to the presence of an attorney. Id.
[3] Crim. R. 7(B) governs the nature and contents of an indictment and provides, in relevant part: "* * * Each count of the indictment * * * shall state the numerical designation of the statute that the defendant is alleged to have violated. Error in the numerical designation * * * shall not be grounds * * * for reversal of a conviction, if the error * * * did not prejudicially mislead the defendant."
[4] See Tr. 148, 203-204, 213-214, and 231-232, et seq.
[5] Sections (A)(1) and (2) require proof of an additional element; namely, that another person other than the offender is present or likely to be present. *Page 1