[Cite as *State v. Bishop*, 2025-Ohio-2664.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| JAMES K. BISHOP | Case No. 2025 CA 0012 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS: Appeal from the Richland County Court of
Common Pleas, Case No. 2023-CR-
0948R

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: July 29, 2025

APPEARANCES:

For Plaintiff-Appellee

JODIE M. SCHUMACHER
Prosecuting Attorney
Richland County, Ohio

MICHELLE FIND
Assistant Prosecuting Attorney
Richland County, Ohio
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

JAMES K. BISHOP a704375
Noble Correctional Institution
15708 McConnellsville Road
Caldwell, Ohio 43724

*Hoffman, J.*

{¶1}   Defendant-appellant James K. Bishop appeals the judgment of the Richland County Common Pleas Court convicting him following jury trial of one count of intimidation (R.C. 2921.03((A)) and two counts of extortion (R.C. 2905.11(B)(4)), and sentencing him to an aggregate term of incarceration of sixty-six months.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   In 2018, Appellant was convicted of theft, receiving stolen property, safecracking, and burglary in an Ohio Common Pleas Court.   Following his conviction, Appellant filed numerous postconviction motions, including a motion for judicial release. The trial court judge in Appellant's case (hereinafter "the judge"), who is one of the victims in the instant case, denied the motion for judicial release.  Appellant was incarcerated in the Richland Correctional Institution.

{¶3}   On August 30, 2022, Appellant sent the judge a personal letter.  The letter claimed in September of 2016, Appellant was building a yurt for the judge's neighbor. The judge, the judge's wife (who is the second victim in the instant case), and two of their children came to see the yurt while Appellant was working.  Appellant claimed he held the hand of the judge's wife to help her walk to the yurt.  Appellant claimed a few days later, the judge's wife came to the yurt and asked Appellant to come to her home to do some work.  When Appellant was at the home, he claimed the judge's wife performed oral sex on Appellant, and Appellant recorded the sexual activity on his phone.  Appellant told the judge if he did not recuse himself and transfer Appellant's case to another county, Appellant would send the video to several television stations.  The letter stated Appellant was giving the judge a chance to save himself and his family from shame.  The letter

stated, "If I don't hear anything by September 25th, 2022, well, you know what's coming." Tr. 287.

{¶4} Appellant also filed a grievance against the judge in the Ohio Supreme Court. In documents filed with the Supreme Court, Appellant repeated the allegation Appellant had sexual relations with the judge's wife after meeting her at the yurt. .

{¶5} According to the judge, his neighbors constructed a yurt on their property, and the judge and his wife would visit the yurt during its construction out of curiosity for the unusual construction style. However, they only visited the yurt in the evenings, and did not see any construction workers on site at any time. Further, their children were adults and did not visit the neighbors' yurt with them.

{¶6} Trooper Bryan Butler of the Ohio State Highway Patrol interviewed Appellant twice in prison about the letter. Appellant gave him the names of several people to contact regarding the video of the alleged incident with the judge's wife. The Trooper was unable to confirm the existence of the video. Although Appellant claimed his sons had viewed the video, Appellant's sons denied knowledge of the video.

{¶7} Appellant was indicted by the Richland County Grand Jury with two counts of extortion and one count of intimidation. The case proceeded to jury trial in the Richland County Common Pleas Court, at which Appellant represented himself, with standby counsel.

{¶8} Appellant testified at trial he believed the woman who performed fellatio on him was the judge's wife, but after seeing her in court, he was not sure it was the same woman. He said the woman he met with the judge at the yurt, whom he later had sexual relations with, might have been the judge's mistress or sister. He testified he could not

understand why the judge refused to believe he was innocent, and the only conclusion he could come to was there was a conflict between himself and the judge, caused by the sexual incident.  Tr. 402.

**{¶9}**    The jury found Appellant guilty of all counts and the trial court convicted him in accordance with the jury's verdict.  The court merged one conviction of extortion with the conviction of intimidation, and sentenced Appellant to thirty months in prison for intimidation.  The trial court sentenced Appellant to thirty-six months incarceration for the remaining extortion conviction, to be served consecutively, for an aggregate term of incarceration of sixty-six months.  It is from the January 16, 2025 judgment of the trial court Appellant prosecutes his appeal, assigning as error:[1]

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE DEFENDANT'S MOTION FOR THE DISMISSAL OF THE INDICTMENT BASED UPON THE VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL UNDER R.C. 2941.401.

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING THE DEFENDANT'S MOTION FOR THE DIMISSAL OF THE INDICTMENT BASED UPON VINDICTIVENESS [SIC] PROSECUTION, PROSECUTOR MISCONDUCT.

III. THE TRIAL COURT ERRED WHEN IT OVERRULED MR. BISHOP'S MOTION FOR JUDGMENT OF ACQUITTAL AS TO COUNTS

---

[1] Throughout Appellant's brief, he has raised issues not related to the assignment of error in which they are made.  Pursuant to App. R. 12(A)(2), we disregard any argument not separately assigned as error as required by App. R. 16(A).

1, 2 AND 3 OF THE INDICTMENT BECAUSE THE STATE OF OHIO FAILED TO PRODUCE ANY EVIDENCE AND PROVE ALL THE ESSENTIAL ELEMENTS THAT MR. BISHOP HAD ATTEMPTED TO OBTAIN ANY VALUABLE THING OR BENEFIT FROM THE VICTIM, NOR ESTABLISH ANY UNLAWFUL THREAT OF HARM.

IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. BISHOP WHEN IT FAILED TO INSTRUCT THE JURY ON EVERY ESSENTIAL ELEMENT OF THE OFFENSE OF EXTORTION AS TO COUNTS, 2 AND 3 OF THE INDICTMENT AND AS TO THE LESSOR [SIC] CHARGE OF COERCION, THE FAILURE TO INSTRUCT THE JURY ON EVERY ESSENTIAL ELEMENT OF AN OFFENSE, AND TO THE LESSOR [SIC] CHARGE OF COERCION, VIOLATES MR. BISHOP'S RIGHTS TO DUE PROCESS OF LAW AND TO TRIAL BY JURY AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, FAILURE TO INSTRUCT ON AN ESSENTIAL ELEMENT OF AN OFFENSE, AND TO THE LESSOR [SIC] CHARGE OF COERCION, IS A CONSTITUTIONAL VIOLATION SO FUNDAMENTAL THAT IT IS NOT SUBJECT TO HARMLESS ERROR ANALYSIS.

V. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL BY COUNSEL'S REFUSAL TO CALL WITNESSES THAT DEFENDANT REQUESTED, AND THAT WERE

AVAILABLE AND WILLING TO TESTIFY IN BEHALF OF DEFENDANT, AND THUS, DENYING DEFENDANT HIS RIGHTS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

VI. DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL, BY COUNSEL'S REFUSAL TO BRING FORTH EVIDENCE WHICH DEFENDANT HAD KNOWLEDGE OF, AND HAD REQUESTED TO BE PRESENTED, AND THUS, DENIED DEFENDANT OF HIS RIGHTS THAT ARE GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

VII. THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. BISHOP WHEN IT DENIED MR. BISHOP'S PRE-TRIAL MOTION FOR AN EXTENSION OF TIME TO FILE HIS PRE-TRIAL MOTIONS, ACCORDING HIM AMPLE AMOUNT OF TIME TO REQUEST THE STATE FOR THEIR DISCOVERY AND WITNESS LIST, AND TO PROVIDE THE STATE WITH HIS DISCOVERY AND WITNESS LIST, THAT HIS TWO PRIOR PUBLIC DEFENDERS FAILED TO DO, RESULTING IN MR. BISHOP WAIVING HIS RIGHT TO COUNSEL AND PROCEEDING IN PRO-SE, DUE TO THEIR INEFFECTIVENESS OF COUNSEL BEFORE TRIAL.

I.

{¶10} In his first assignment of error, Appellant argues the trial court erred in denying his motion to dismiss the indictment for violation of his right to speedy trial. Appellant argues he was not given a written statement from the warden explaining his right to file for a final disposition upon receipt of the indictment, and further argues the speedy trial clock started when he filed a motion to dismiss the indictment in the trial court on July 14, 2023.

{¶11} On April 1, 2024, Appellant signed a waiver of his rights to speedy trial. Following an express written waiver of unlimited duration by an accused of his speedy trial rights, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time. *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶12} On August 12, 2024, Appellant filed a pro se motion to dismiss the indictment for violation of his right to speedy trial. The motion did not reference his prior waiver of his speedy trial rights, did not object to further continuances, and did not make a demand for trial. Further, the motion was filed pro se at a time when Appellant was represented by counsel. As noted by the trial court in overruling the motion to dismiss, Appellant had no right to a hybrid form of representation where he is represented by counsel but also acting as his own counsel, and the trial court would not consider documents filed by Appellant pro se. Judgment Entry, August 13, 2024, *citing State v. Keenan*, 81 Ohio St. 3d 133, 138 (1998).

**{¶13}** We find Appellant signed an express written waiver of his speedy trial rights of unlimited duration, and did not thereafter file a formal written objection to further continuances and a demand for trial. The first assignment of error is overruled.

II.

**{¶14}** In his second assignment of error, Appellant argues prosecutorial vindictiveness because the State punished him for exercising his constitutional right to seek the recusal of a biased judge. Appellant also argues the prosecutor committed misconduct in the grand jury proceedings. We disagree.

**{¶15}** The Due Process Clause guarantees against prosecutorial vindictiveness, and the State may not constitutionally retaliate against a defendant for exercising his rights. *Blackledge v. Perry,* 417 U.S. 21, 28-29 (1974). In the pretrial context, as in the instant case, there is no presumption of vindictiveness, and therefore Appellant must show actual vindictiveness. *See, e.g., State v. Nash,* 2001 WL 520973 (5th Dist.), *citing State v. Semenchuk*, 122 Ohio App.3d 30, 38 (8th Dist. 1997) (in pretrial setting, prosecutor is free to seek indictment on whatever charges the evidence can support, and no presumption of vindictiveness will attach if the defendant was clearly subject to those charges at the outset). In the instant case, Appellant makes a broad assertion of vindictiveness, but has not demonstrated actual vindictiveness.

**{¶16}** While Appellant asserts the prosecutor committed misconduct in the grand jury proceedings, the proceedings before the grand jury are not a part of the record before this Court on appeal. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity

of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Because we do not have a record of the grand jury proceedings, we must presume validity in the proceedings before the grand jury and affirm.

{¶17} The second assignment of error is overruled.

III.

{¶18} In his third assignment of error, Appellant argues the evidence was insufficient to convict him of extortion and intimidation. We disagree.

{¶19} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

{¶20} Appellant was convicted of two counts of extortion in violation of R.C. 2905.11(B)(4):

(B) No person, with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act, shall do any of the following:

(4) Utter or threaten any calumny against any person[.]

{¶21} Appellant argues the State failed to present evidence his purpose in sending the letter to the judge was to obtain any valuable thing or valuable benefit. Appellant cites this Court to *State v. Stone*, 1992 WL 56778 (4th Dist. March 26, 1992), in which the

court held, "We believe the R.C. 2905.11 extortion statute phrase 'valuable thing or valuable benefit' must be interpreted to include only things or benefits that have a monetary value; otherwise, there would be no distinction between the extortion and coercion statutes."   Appellant argues there is no evidence his purpose in threatening to release the video to television stations was to obtain anything which has monetary value.

**{¶22}** The *Stone* court reasoned without a requirement the valuable thing or valuable benefit have monetary value, the crime of extortion would be indistinguishable from the crime of coercion. However, subsequent to *Stone*, other appellate districts have expanded the definition of "valuable thing or valuable benefit" to include items which do not have a monetary value.  In considering the issue of the distinction between extortion and coercion, the Second District held:

Similarly, under Ohio law, while coercive conduct is necessary for extortion, it is not sufficient. Although the same coercive conduct can underlie both offenses, the purpose and effect of the conduct differs. The language of these two offenses bears this out. On the one hand, coercion requires proof of a "purpose to coerce another into taking or refraining from action concerning which the other person has a legal freedom of choice." R.C. 2905.12(A). The effect is to deprive another of the freedom to act. Extortion, on the other hand, requires proof of a "purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act." R.C. 2905.11(A). The effect of extortion is to coerce another in order to obtain something to which the extorter has no right. The important

distinction, then, is extortion's additional evidentiary requirement of an intent to obtain something. It matters not that the thing sought is intangible.

{¶23} *State v. Cunningham*, 2008-Ohio-5164, ¶ 17 (2nd Dist.).

{¶24} Similarly, in *State v. Akers*, 2000 WL 706795 (6th Dist. June 2, 2000), the court held coercing a person to post bail results in a valuable benefit, specifically release from jail, and therefore Akers' conviction for extortion was based on sufficient evidence. In *State v. Lutz*, 2003-Ohio-275, ¶ 66 (8th Dist.), the court found a filing intended to motivate the illegal release of the defendant constituted a valuable benefit. The court in *State v. Kopras*, 2018-Ohio-2774, ¶ 41, found immediate access to the defendant's child, which he had no right to, was a valuable benefit.

{¶25} We agree with the majority of case law in Ohio which concludes the valuable benefit need not be something of monetary value. The evidence in this case, including Appellant's own testimony, demonstrated Appellant's purpose in sending the judge the letter was to secure the judge's recusal from the case because Appellant believed the judge was biased against him. There was evidence the judge had denied numerous postconviction motions filed by Appellant, including a motion for early release. From the evidence presented, the jury could conclude the "valuable benefit" Appellant sought by sending the letter was to secure the judge's recusal from the case and a transfer to another county, in order to be assigned a judge more favorable to him. His purpose was the same with regards to both the judge and the judge's wife – to secure the recusal of the judge in order to obtain early release from jail. We find the evidence was sufficient to support Appellant's convictions of extortion.

**{¶26}** Appellant was also convicted of one count of intimidation in violation of R.C. 2921.03(A):

No person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, a party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the person's the duties of the public servant, party official, attorney, or witness.

**{¶27}** Appellant argues he did not make any threat of force upon the judge, and therefore the evidence was insufficient to convict him of intimidation.

**{¶28}** The Ohio Supreme Court has recognized three separate and distinct ways in which it is illegal to exert improper influence:

R.C. 2921.03 makes it unlawful for a person to knowingly take certain actions to influence, intimidate, or hinder a witness, a party official, or a public servant in the discharge of a duty. R.C. 2921.03(A). The ways in which it is illegal to exert such improper influence are by knowingly (1) using force, (2) unlawfully threatening harm against any person or property, or (3) using a materially false or fraudulent writing in any way with malice, bad faith, wantonness, or recklessness. *Id*. Thus, there are specified actions that

are criminalized when committed against a specified set of people. However, there are no such limitations as to the identity or status of the person who might commit the offense of intimidation.

**{¶29}** *State v. Steele,* 2013-Ohio-2470, ¶ 19.

**{¶30}** The State in the instant case pursued a theory Appellant used a materially false or fraudulent writing with malice, bad faith, wantonness, or recklessness. The State was not required therefore to prove Appellant used force, as the statute sets forth the manner in which it is illegal to exert improper influence in the disjunctive rather than the conjunctive. The judge's wife testified the sexual activity Appellant described in his letter never occurred, and she testified she had never seen Appellant before trial. From this testimony, the jury could find Appellant's letter was materially false or fraudulent, and he used it to obtain the judge's recusal from his case with malice, bad faith, wantonness, or recklessness. We find the judgment is sufficient to support Appellant's conviction of intimidation.

**{¶31}** The third assignment of error is overruled.

IV.

**{¶32}** In his fourth assignment of error, Appellant argues the trial court erred in failing to instruct the jury on the crime of coercion, as a lesser-included offense of extortion. We disagree.

**{¶33}** In the body of his argument, Appellant restates his argument the phrase "valuable thing or valuable benefit" in the statutory definition of the crime of extortion refers

solely to thing with monetary or pecuniary value. For the reasons set forth in our discussion of Appellant's third assignment of error, we find this argument without merit.

{¶34} Appellant did not request a jury instruction on coercion as a lesser-included offense of extortion, and therefore, we must find plain error in order to reverse. To establish plain error, Appellant must show an error occurred, the error was obvious, and there is a reasonable probability the error resulted in prejudice, meaning the error affected the outcome of the trial. *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, *citing State v. Rogers*, 2015-Ohio-2459, ¶ 22. Even though an offense may be statutorily defined as a lesser-included offense of another, a charge on such lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense. *State v. Wine*, 2014-Ohio-3948, ¶ 21

{¶35} Appellant was charged with extortion in violation of R.C. 2905.11(B)(4):

> (B) No person, with purpose to obtain any valuable thing or valuable benefit or to induce another to do an unlawful act, shall do any of the following:
>
> (4) Utter or threaten any calumny against any person[.]

{¶36} Coercion is defined by R.C. 2905.12:

No person, with purpose to coerce another into taking or refraining from action concerning which the other person has a legal freedom of choice, shall do any of the following:

(2) Utter or threaten any calumny against any person[.]

**{¶37}** The distinction between the crime of extortion and the crime of coercion as applicable to the instant case is extortion requires proof of purpose to obtain any valuable thing or valuable benefit, while coercion does not. Although Appellant has argued as a legal issue the "valuable thing or valuable benefit" must be monetary in nature, Appellant admitted to writing the letter in order to get the judge to recuse himself from his case because he believed the judge to be biased against him. In defense of the charge of extortion, Appellant maintained throughout trial he did not utter or threaten calumny against the judge and his wife. "Calumny" is defined as a "misrepresentation intended to harm another's reputation; the act of uttering false charges or misrepresentations maliciously calculated to harm another's reputation." *State v. Zylko,* 2008-Ohio-3032, ¶ 42 (8th Dist.). Appellant's defense at trial was he did not make a false representation because he did in fact engage in sexual relations with the judge's wife. Appellant's defense at trial was an attempt to disprove an element of both crimes, and not to disprove the element required to prove the greater, but not the lesser, offense. Therefore, based on the evidence presented by Appellant, he has not demonstrated a reasonable probability the jury would have acquitted him of extortion while convicting him of coercion. We find Appellant has not demonstrated plain error.

**{¶38}** The fourth assignment of error is overruled.

## V., VI.

**{¶39}** In his fifth and sixth assignments of error Appellant argues his appointed counsel was ineffective by failing to subpoena witnesses requested by Appellant and failing to retrieve the video of Appellant and the judge's wife engaging in sexual activity. He argues because of counsel's ineffectiveness, he was required to proceed pro se. We disagree.

**{¶40}** A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136, (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

**{¶41}** Appellant has not demonstrated a reasonable probability of a change in the outcome but for counsel's alleged ineffective performance. Appellant did not present any evidence other than his own testimony; therefore, the record does not reflect what, if any, exculpatory evidence existed. The detective who investigated the instant case testified he attempted to contact several people regarding the existence of the video, but was unable to find anyone who had seen the alleged video. The record does not support Appellant's claim witnesses were available to testify in his defense, and does not support his claim a video of Appellant and the judge's wife engaging in sexual activity existed. We find Appellant has not demonstrated appointed counsel was ineffective.

**{¶42}** The fifth and sixth assignments of error are overruled.

VII.

**{¶43}** In his seventh and final assignment of error, Appellant argues the trial court erred in denying his motion for an extension of time in which to file pretrial motions. We disagree.

**{¶44}** Appellant argues on the first day of trial, the trial court denied his motion for an extension of time in which to file pretrial motions. The record does not support Appellant's claim. Prior to trial, Appellant orally requested reconsideration of his pretrial motions which the trial court had denied on the basis Appellant was not entitled to hybrid representation, specifically, a motion to dismiss for vindictive and selective prosecution, a motion to dismiss for speedy trial, and a motion to dismiss "for Rule C." Tr. 111. However, Appellant did not at this point request an extension of time to file further pretrial motions. "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Colston*, 2020-Ohio-3879, ¶ 58 (5th Dist.). We find Appellant has not demonstrated error in the record.

**{¶45}** The seventh assignment of error is overruled.

**{¶46}** The judgment of the Richland County Common Pleas Court is affirmed.

By: Hoffman, J.

Baldwin, P.J. and

Popham, J.  concur